M’Girk, C. J.,
delivered the opinion of the Court.
It appears by the record that in the year 1822, Jeffrie, the plaintiff in error, by Rachel Camp, his next friend, by Robert Wash, Esq., an attorney at law, presented *25 his petition to the Circuit Court of St. Louis county for leave to sue as a poor person for his freedom. The leave was granted; the suit was instituted and the proceedings afterwards Were carried on by Jeffrie and R. Camp, the next friend, by their attorney. A trial was had; verdict and judgment were against Jeffrie. At a subsequent term of the Court, Jeffrie moved the Court to set aside the judgment on the ground of the proceedings being irregular, and produced evidence to show that at the time the suit was instituted and judgment rendered, he was an infant under the age of twenty-one years. The Court refused to set the proceedings aside,- and the whole case is brought to this Court by a writ of error.
The points made by the plaintiff in error are, that the Court erred in refusing to set aside the judgment for irregularity. Secondly. That the plaintiff appeared by a next friend and by attorney in the Court below, so that if he was an infant, the appearance by an attorney is error; and thirdly, that if the record does not show the infancy of the plaintiff!, then the Court must take the truth to be that Jeffrie Was an adult, and that an adult, except in cases of coverture, cannot appear by a next friend.-
On the first point it is not entirely clear that the Court should have set the pro-ceedings aside, for the irregularity was occasioned by the act of the plaintiff, or by the act of some one who intended to act for him. But on the second ground, there is manifest error in the judgment and proceedings. The law is, that when an infant has cause of suit, the suit may be commenced by guardian or next friend, pre-> viously appointed according to law, and where none has been appointed, then the g'uardianship or next friend may be made without any other formality than the next friend acknowledging in open Court that he will act as such, or the evidence may be made by the acknowledgment being in writing and filed with the declaration. No such evidence exists in this case. There was, therefore, no lawful proehem amy, yet one did in fact act. Now if it did appear that the plaintiff was an infant, which it does not, it would be error to appear by an unauthorized person. This person appears by attorney, as well as by next friend. This would also be error, if the plaintiff were an infant. But so far as any thing appears by the record, we are bound to suppose that this person was not an infant. Nothing appears by which we could distinguish that this plaintiff was not of age, any more'than in other cases, except by a subsequent affidavit. In every case the Court will take every plaintiff and every defendant to be of full age, till the point is made and the evidence heard, and though judgment be rendered against an infant, it is good till reversed. In this case, then, for all the purposes for which the party’s age is to be now considered, we take the plaintiff to have been of full age at the time the suit was commenced. It was unlawful therefore, for R. Camp to present herself as the next friend of this man in the way she did. No one has a right to bring a suit or do the business of another so as to make his acts binding in law upon that other person, without his or her consent.
It is urged by the counsel for the defendant in error, that this was a proceeding under the statute which authorizes persons holden in slavery to sue as poor persons for freedom. We have no doubt that the proceeding was of that character. The act of the Legislature on that subject provides that when any person holden in slavery shall wish to prosecute his suit for freedom, he or she shall present a petition to the Court for leave to sue, and if the Court shall be of opinion that the claim to freedom is well founded, that leave shall be given to the petitioner to sue as a poor person, and the Court shall assign the petitioner counsel. In this case no counsel *26 was assigned, but leave is given to sue by his next friend, R. Camp. It is assumed that the plaintiff was an infant, and that It. Camp was the next friend. This act respecting suits for freedom, leaves the common law as it was before it, as to the rights of infants to sue. If counsel had been appointed in this case, still the question, how shall an infant appear, wotild be the subject of consideration. If counsel had been appointed in the case, and no pretended next friend had interfered, then there would have been a binding judgment until reversed. We cannot see how this judgment can be supported j it is perhaps both erroneous and irregular* Irregularity is no cause of reversal until the Court helow have acted on the irregularity. That has been done in this case.
The judgment is reversed with costs, and remanded to the Circuit Court for further proceedings.
Judge Wash having been counsel in this cause, gave no opinion.