CHARLEY, *Appellant*, v. KELLEY.

Division One, February 5, 1894.

1. **Municipal Corporation:** KANSAS CITY CHARTER: SPECIAL TAX BILL: JURISDICTION. The circuit court in enforcing special tax bills under the charter of the City of Kansas of 1875 did not exercise mere statutory powers.

2. ———: ———: ———: ———. While the causes of action were statutory, the circuit court was given cognizance of them in the exercise of its general jurisdiction.

3. **Practice:** ORDER OF PUBLICATION: RECITALS. Where the order for publication of notice to nonresidents is signed by the clerk and spread upon the record and shows that it was made in vacation, such facts sufficiently show it was made by the clerk in vacation and a recital of that fact on the record is unnecessary.

4. ———: ———: JUDGMENT: COLLATERAL ATTACK. Where, in a suit to enforce a special tax bill against nonresidents, the judgment recites a finding that an order for publication previously made was duly published, such finding is not collaterally assailable.

5. ———: ———: AFFIDAVIT. Where the affidavit for publication omits to state that it was made for plaintiff and the court finds that an order of publication was made, it will be presumed, in a collateral suit, that it also found that the affidavit was made for plaintiff, as such fact is susceptible of proof.

6. ———: INFANT: GUARDIAN: JUDGMENT. A judgment rendered against an infant after service of process on him, but without the appointment of a guardian *ad litem* as required by Revised Statutes, 1879, section 3477, is only voidable and can be enforced until reversed for error or set aside by a direct proceeding.

*Appeal from Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

AFFIRMED.

*H. M. Meriwether* and *Johnson & Lucas* for appellant.

(1) The jurisdiction of inferior tribunals must appear on the face of the record, and the same rule holds as to courts of general jurisdiction when in the exercise of statutory powers. *Harris v. Hunt*, 97 Mo. 574; *Gibson v. Vaughn*, 61 Mo. 418; *Ellis v. Railroad*, 51 Mo. 200; *Railroad v. Campbell*, 62 Mo. 583; Freeman on Judgments [4 Ed.], sec. 123, p. 207; Freeman on Judgments [4 Ed.], sec. 127, p. 222; Freeman on Void Judicial Sales, sec. 8. (2) In the case of *Halpin v. Charley*, the court was exercising special statutory powers. *City of Kansas v. Ford*, 99 Mo. 91; Freeman on Judgments, sec. 127, p. 222, and authorities above cited. (3) In such a case it is error to admit evidence to show jurisdiction. This must appear from the face of the record itself. *Gibson v. Vaughn*, 61 Mo. 418; *Burnett v. McCluey*, 78 Mo. 689; *Reinhardt v. Lugo*, 86 Cal. 395; Freeman on Void Judicial Sales, sec. 8. (4) In the case of *Halpin v. Charley* there was no foundation for an order of publication, and this is a jurisdictional defect. R. S. 1889, sec. 2022; *Adams v. Cowles*, 95 Mo. 507; *Davis v. Lumber Co.*, 31 Pac. Rep. (Colo.) 187; *Crow v. Myersick*, 88 Mo. 415; *Platt v. Stewart*,

10 Mich. 260; *King v. Harrington*, 14 Mich. 532; *Cook v. Farmer*, 12 Abb. Pr. 359; *Barber v. Morris*, 37 Minn. 194. (5) No order of publication was in fact made by either the court or the clerk. Hence the court acquired no jurisdiction over the defendants Charley and Boyer, and its judgment was absolutely void as to them. Freeman on Judgments, sec. 127, p. 222. (6) Defendant Charley being an infant, the court had no power to proceed against him without the appointment of a guardian *ad litem*, and having failed in this, and he not having appeared in person or by attorney, the judgment as to him is absolutely void. Jurisdiction is the right to hear and determine, and this the court did not have. R. S. 1889, sec. 2005; *Carrigan v. Drake*, 15 S. E. Rep. 339; *Whitney v. Porter*, 23 Ill. 445; *Lehew v. Brummell*, 103 Mo. 546; Freeman on Judgments, sec. 143, p. 259; sec. 118, p. 178; secs. 144, 146, p. 262; Freeman on Void Judicial Sales, sec. 7; *Dohms v. Mann*, 76 Iowa, 723; *Windsor v. McVeigh*, 93 U. S. 277; *Fithian v. Monks*, 43 Mo. 502.

*W. C. Scarritt* for respondent.

(1) In enforcing the lien against land for taxes the circuit court is a court of general jurisdiction, and its judgments in such cases are entitled to all presumptions in favor of their validity that are entertained as to the validity of any judgments. *Brown v. Walker*, 11 Mo. App. 230; s. c., 85 Mo. 262; *Wellshear v. Kelley*, 69 Mo. 351; *Allen v. McCabe*, 93 Mo. 138; *Jones v. Driskill*, 94 Mo. 197; *Gray v. Bowles*, 74 Mo. 419; *Gibbs v. Southern*, 22 S. W. Rep. (Mo.) 716. (2) The presumption favorable to the validity of the affidavit and publication can not be attacked collaterally. *Goodell v. Starr*, 26 N. E. Rep. (Ind.) 793; *Essig v. Lower*, 21 N. E. Rep. (Ind.) 1090; *Brawley v. Ranney*, 67 Mo. 283; *Kane v. McCown*, 55 Mo. 182; *Hardy v. Beaty*,

19 S. W. Rep. (Tex.) 778; *Barnett v. McCluey*, 92 Mo. 232; *Rugle v. Webster*, 55 Mo. 248; *Avery v. Good*, 114 Mo. 290. (3) And because the presumption as to regularity of proceedings in such cases is so conclusive, the purchaser at a judicial sale is required to look only to the judgment, execution, levy and deed. If these are good he is protected in his purchase. *Howard v. Stevenson*, 11 Mo. App. 410; *State ex rel. v. Sargent*, 12 Mo. App. 237; *Abbott v. Doling*, 49 Mo. 304. (4) Although all the presumptions are in favor of respondent, it is not necessary for him to rely upon them, as the affidavit, order and publication are in due form of law. 2 Wagner's Statutes (1872), p. 1008, sec. 13. If any of the record prior to the judgment was admissible in evidence, then the affidavit of nonresidence was properly admitted, for it is attached to and made a part of the petition, and the petition is a part of the record proper. *Bateson v. Clark*, 37 Mo. 34; *Milner v. Shipley*, 94 Mo. 109; *Burnett v. McCluey*, 92 Mo. 235. (5) The infancy of a defendant will not avoid a sale made upon a judgment against him by reason of the failure to appoint a guardian *ad litem*, and especially where it does not appear that it was known that the defendant was an infant. Such failure is a mere irregularity, and the judgment rendered is in force until set aside by direct proceedings. *Jeffrie v. Robideaux*, 3 Mo. 33; *Townsend v. Cox*, 45 Mo. 402; *Walkenhurst v. Lewis*, 24 Kan. 426; *Porter v. Robinson*, 13 Am. Dec. (Ky.) 153, and cases cited in note; *Cohee v. Baer*, 32 N. E. Rep. (Ind.) 920; 9 Am. and Eng. Encyclopedia of Law, 158, and note 2.

MACFARLANE, J.—This is an action of ejectment to recover an undivided interest in a lot in Kansas City. The judgment of the circuit court was for defendant and plaintiff has appealed.

Plaintiff claims title to one-half of one-third inter-· est as an heir of William Gillis, and one-half of one-third as heir of his deceased brother, Francis Boyer. Defendant bases his title to the property upon a sheriff's sale and deed under an execution upon a judgment of the circuit court of Jackson county, in favor of John Halpin against the said Boyer, plaintiff and others. It is conceded that plaintiff has title unless the sheriff's deed was sufficient to transfer it to the grantee.

The judgment was upon a special tax bill charged against the property in dispute. At the time the suit on the tax bill was commenced, both plaintiff and his brother, Francis Boyer, were minors, and nonresidents of this state. The suit for enforcing the tax bill against the property charged was authorized by the charter of Kansas City. That the execution, levy, sale and sheriff's deed were regular is conceded by plaintiff. The objections are, *first*, that the court, under the proceedings had, did not acquire jurisdiction of the persons of plaintiff and his brother; and, *second*, the court had no authority to enter the judgment against plaintiff for the reason that he was at the time a minor and no guardian *ad litem* was·appointed to represent him.

The petition in the suit was filed April 16, 1875. The following order was read from the records of the court:

"Be it remembered, that on the —— day of ——, A. D. 1875, in vacation of the circuit court of Jackson county, Missouri, at Independence, the following, among other proceedings, were had and made, to wit:"

Then follows the style of the case, naming John Halpin as plaintiff, and Francis Boyer, a minor under twenty-one years of age, James Charley, Jr., and others, as defendants, and the notice proceeded:

"*To Francis Boyer and James Charley, Jr.:*

"You are hereby notified that an action has been

commenced against you, together with the above mentioned defendants, by the above plaintiff, in the circuit court of Jackson county, at Independence, Missouri."

Then follows a statement of the object and general nature of the petition and a specific description of the property charged with the lien of the tax bill, and concludes as follows:

"Unless you be and appear at the next term of said court, to be begun and holden at the courthouse in said city of Independence, on the thirteenth day of September, 1875, and on or before the third day of said term, if the same so long continue, and if not then before the end of said term, the petition will be taken as confessed, judgment rendered and the lien enforced against said real estate as prayed for in said petition. It is further ordered that publication be made in the '*Evening Mail*,' a newspaper published in the county of Jackson, Missouri, for four weeks successively, the last insertion to be at least four weeks before the commencement of next term of said court.

"[Attest]                WALLACE LAWS,
                                    "Clerk.

"TICHENOR & WARNER, for plaintiff."

To the petition was attached an affidavit made by James Gibson, "that Francis Boyer, minor under twenty-one years of age, and James Charley, Jr., defendants in the above entitled cause, are nonresidents of the state of Missouri, so that the ordinary process of law can not be served upon them."

It was shown by oral evidence that Tichenor and Warner were the attorneys for plaintiff in the suit, and that James Gibson was a clerk in their office, at the time also a practicing lawyer, and had charge of the collections of these tax bills, and that he prepared the petition and made the affidavit and attached it to the petition.

On the twentieth day of September, 1876, a judgment was rendered which contained the following recital:

"Now comes plaintiff by attorney and shows to the court that publication has been made in this cause according to the statutes in such cases made and provided, and in accordance with the orders hereinbefore made in this cause, as to defendants' nonresidence, to wit: Francis Boyer, James Charley, Jr.," (and the other defendants, naming them) "and it appearing to the court that defendants Francis Boyer and Mary Messick are minors, though duly summoned, they have neglected to procure the appointment of a guardian to defend the suit, though more than three days of the term have elapsed, it therefore appoints J. Brumback guardian of said infant defendants in the defense of this suit, and thereupon he filed answer for said defendants, and this cause coming on for trial and being regularly reached on the docket   *   *   *."

This was followed by a regular judgment, charging the lot in suit with the amount of the tax bill, found to be $134.43, and ordering a special execution.

The charter of Kansas City, 1875, by virtue of which the tax bills sued on were issued, in article 8, section 4, page 75, provides that "any such tax bill   *   *   * may be collected by suit   *   *   * in any court of competent jurisdiction   *   *   *. In case any owner of the ground, or of any interest therein, is unknown, or a nonresident of the state, suit may be brought against such owner separately, or together with others, and such nonresident or unknown owner shall be brought in by an order or notice against such owner, published as an ordinary suit to enforce a lien against land; and any owner may be brought in by like notice, so published in any state of fact where it would be proper to so publish in a suit to enforce a lien on land."

I. The first contention of appellant is that in the suit of Halpin against plaintiff and his brother the circuit court was exercising special statutory powers, and the jurisdiction, as of inferior tribunals, must appear on the face of the record, otherwise no valid judgment could have been rendered; that no presumptions favorable to the validity of the proceedings and judgment can be indulged.

The position is not sound. The circuit court in proceeding to judgment in the enforcement of these liens, was not exercising mere statutory powers. The causes of action were statutory, but the circuit court, in the exercise of its general jurisdiction, was given cognizance over them. No special jurisdiction is conferred by the charter, but the cause of action was brought within the general jurisdiction of the court. The charter provides that any such tax bill may be collected by suit "in any court of competent jurisdiction." No special or summary proceeding in derogation of common law, is required to be followed. In such case the same presumptions attend its jurisdiction, in the silence of its record, as in the case of judgments or decrees rendered in the exercise of its general jurisdiction. They are not open to collateral attack. *Brown v. Walker*, 11 Mo. App. 230; s. c., 85 Mo. 262; *Wellshear v. Kelley*, 69 Mo. 351; *Allen v. McCabe*, 93 Mo. 143.

II. The order for the publication of notice was spread upon the record, and shows that it was made in vacation. It was signed by the clerk and these facts sufficiently show that it was made by the clerk in vacation and a recital of that fact on the record was unnecessary. The statute only requires that the court, in which the suit is brought, "or, in vacation, the clerk thereof, shall make an order directed to the nonresidents or absentees, notifying them of the com-

mencement of the suit, and stating briefly the object and general nature of the petition, * * * and requiring such defendant or defendants to appear on a day to be named therein, and answer the petition, or that the petition will be taken as confessed." R. S. 1879, sec. 3494. The order as made and published, meets substantially every requirement of the statute. It was not necessary that the record should contain a recital that the order was made by the clerk or that it was made upon the authority of an affidavit.

It is insisted further that the order of publication is insufficient, for the reason that it does not appear to be connected with any proceeding in the cause, and it was nowhere ordered that the notice be published.

The judgment recites a finding by the court that publication had been made "in the cause according to the statutes in such case made and provided, and in accordance with the orders hereinbefore made in this case as to defendants nonresidents, to wit: Francis Boyer, James Charley" (and others, naming them).

It is said by Judge NAPTON in *Kane v. McCown*, 55 Mo. 200: "When the record shows a finding of the court, that there has been a legal order of publication, and a publication made in pursuance of such order, it is not apparent how this finding or determination of fact can be attacked collaterally any more than any other conclusion of the court in the course of its proceeding to final judgment." *Brawley v. Ranney*, 67 Mo. 283.

The court found that an order, previously made, was duly published. This finding is not assailable in this suit. The order of publication concludes as follows: "It is further ordered that publication be made in the *'Evening Mail,'* " etc. That order is found following immediately after the notice, and the court finds that the notice was duly published.

III. The affidavit of Gibson, if made for plaintiff, was sufficient to authorize the order of publication. The statute requires that the affidavit of nonresidence shall be made by the "plaintiff or other person for him." The court, in finding that an order of publication was made, must have found that the affidavit, upon which it was based, was made by Gibson for plaintiff. We must, at any rate, indulge the presumption that it so found.

This case is different from that of *Adams v. Cowles*, 95 Mo. 506. In that case no affidavit appeared among the files. In this case an affidavit, sufficient in form and substance does appear, the only deficiency appearing on its face, being a failure to recite that it is made for the plaintiff. The fact omitted was susceptible of proof and we must presume that the court satisfied itself by evidence before rendering judgment.

IV. The evidence on the trial of this case shows that when the case of *Halpin v. Charley et al.* was tried the said Charley was a minor, and it did not appear that a guardian *ad litem* was appointed to represent him. Plaintiff now claims that this was an omission fatal to the judgment as to him, and therefore fatal to the sale of his interest in the land.

The statute provided: "After the commencement of a suit against an infant defendant, and the service of process upon him, the suit shall not be prosecuted any further until a guardian for such infant be appointed." R. S. 1879, sec. 3477.

The statute is very positive in its requirement and a court would certainly commit error in proceeding to final judgment against an infant without the appointment of a guardian *ad litem*. Yet jurisdiction is obtained by service of process and the appointment of a guardian is not jurisdictional but merely a step in the proceeding. The rule is that such a judgment is void-

able only and not void, and can be enforced until reversed for error, or set aside by a direct proceeding. *Jeffrie v. Robideaux*, 3 Mo. 33; *Townsend v. Cox*, 45 Mo. 402; 9 Am. & Eng. Encyclopedia of Law, 158, and cases cited in note.

Finding no error, the judgment is affirmed. BLACK, C. J. does not sit; the other judges concur.