HALE *et al.* v. AUDSLEY, *Appellant.*

Division One, May 28, 1894.

1. **Will:** AFTER ACQUIRED LAND: TESTATOR. Real property acquired by the testator after the date of the will will pass to the devisee, where it appears from the will that he intended to thereby dispose of such property.

2. ———: ———: ———. A devise of an undivided one-third interest in a farm, which was the extent of the testators' interest in the farm at the time of the execution of the will, does not pass an additional one-sixth interest subsequently acquired by him.

3. ———. ———: ———. Such one-sixth interest, if not otherwise disposed of, will pass under a residuary devise of all that he "may now have or hereafter may acquire."

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Charles R. Pattison* for appellant.

(1) From consideration of the whole of said will, taken together, in its general scope and design, said testator entailed all real property he owned at the date of his will, and entailed all real property acquired after the date of said will (except the one-third (1-3) interest in the Latham farm, by him owned at the date of his will), and that, at the time of the execution of the contract, read in evidence, for the sale of real estate to defendant, these plaintiffs did not then have the indefeasible estate in fee in said premises, and have not since acquired any title thereto; therefore, in this case, plaintiffs are not entitled to recover, or have said contract specifically performed. *Luckett v.*

*Williamson*, 31 Mo. 54; *Luckett v. Williamson*, 37 Mo. 389. (2) A title free from reasonable doubt may be forced upon an unwilling purchaser, but a purchaser is not bound to take a doubtful title, and the court will not enforce a doubtful title. As said by Chief Justice Gibson in *Gans v. Renshaw*, 2 Pa. St. 34, adopting the language of the Master of the Rolls in *Sedgwick v. Hargrave*, 2 Ves. Sr. 59, the title of the vendor must be, like Cæsar's wife, not only pure, but unsuspected. (3) If there is any reasonable chance that the nephews and nieces of the testator, or the heirs of the body surviving of said grandchild, or that any third person may raise a question against the defendant's title after the completion of the contract, the court will consider this a circumstance which renders the bargain a hard one for the defendant; and one which it will not, in the exercise of its discretion, compel defendant to execute. *Seeman v. Vawdrey*, 16 Ves. 390; *Edwards v. McLeay*, 2 Swanst. 287.

*J. W. Sebree* for respondents.

(1) The will is to be construed by its terms and with reference to the circumstances surrounding the testator at the date of its execution. *Reinders v. Koppelman*, 94 Mo. 338; *Shumate v. Bailey*, 110 Mo. 411. (2) The intention of the testator, as gathered from the will and attendant circumstances, is to control in the construction of the instrument and this general intent, when thus determined, will control, even as against particular clauses, which, if construed separately, might conflict with such general intention. *Watson v. Watson*, 110 Mo. 164; *Carr v. Dings*, 58 Mo. 400. (3) It is settled law in this state that after acquired real property will pass by the will where such appears to be the intention of the testator. *Liggat v. Hart*, 23 Mo. 127.

BLACK, P. J.—On the twenty-fifth of July, 1891, plaintiffs J. B. Hale and Lelia Hale sold to defendant Audsley a tract of land containing about one-hundred and sixty acres at $27.50 per acre. The defendant paid $500 before and after taking possession; and this is a suit to enforce a vendor's lien for the balance of the purchase price. The defense is a defect in the title to the undivided one-sixth. Whether there is such a defect depends upon the construction to be given to the third and fifth paragraphs of the last will of Charles Sterne, the material parts of which will are as follows:

"In the second place I give, bequeath and devise to my wife Sarah J. Sterne, to hold and enjoy for and during her natural life, my home place where I now reside, to wit (describing a parcel of ten acres) and at her death it is my will, wish and desire, and I hereby devise the same to my grandchild, Leolelia Henry Hale Herndon, and the heirs of her body, to hold and enjoy the same, to her sole and separate use free from any contract, control or liability of any husband she may hereafter marry." Provision is then made for the support of the wife of the testator and he bequeaths to her for her life the household and kitchen furniture.

"In the third place I hereby will, grant, bequeath and devise unto my said grandchild Leolelia Henry Herndon, and heirs of her body, the following described real estate (describing about seven-hundred acres) to hold and enjoy the same to her sole and separate use, and free from any control, contract or liability, of any husband she may hereafter marry; and I further will and devise to my said grandchild and the heirs of her body, any and all other real estate, I may now have or hereafter may acquire, wherever situated, to hold and enjoy to her like sole and separate use, and alike free from any contract, control or liability of any said hus-

band she may hereafter at any time marry." Subject to the provisions before made for his wife he bequeaths his personal property to his said grandchild "to hold and enjoy absolutely and without qualification."

"In the fifth place, I also will, give and devise unto my said grandchild, an undivided interest of one-third in what is commonly called the Latham farm situate in (describing three hundred and twenty acres) and hereby empower and authorize my executor, hereinafter named, to sell and convey my said interest of one-third (1-3) in the said 'Latham farm,' above described, to such person or persons, and for such price, and upon such term, as he may see fit, and to make the purchaser suitable conveyances therefor; and I further provide, that in case my said executor does not sell said interest in said 'Latham farm' during the minority of my said grandchild, that she may sell and convey the same at any time after attaining her majority; and in case of said sale, said grandchild is to have the proceeds.

"And in the sixth place, it is my will, wish and desire, and I hereby so declare and devise, that in case my said grandchild, Leolelia Henry Herndon, should die without issue or heirs of her body, then, in that case, I will and devise the real estate hereinbefore mentioned and described, to my nephews and nieces in equal parts; but in case my said grandchild should leave heirs of her body, surviving her, it is my will, wish and desire, and I hereby so devise, that all my said real estate hereinbefore described, shall vest in fee simple, absolute, in the said heirs of the body of my said grandchild, Leolelia Henry Herndon at her death.

"It is further provided that none of the provisions of this will is to prevent my said executor, or my said grandchild, from selling and conferring a good and

complete title to and for my said interest in the said 'Latham farm' as hereinbefore provided."

The plaintiff, Lelia Hale, is the same person designated in the will as Leolelia Henry Herndon. The property in suit is a part of the land designated in the will as the Latham farm. The will bears date the twelfth of January, 1870. At that time the plaintiff, J. B. Hale, the testator, Charles Sterne and a Mr. Branch, owned the Latham farm in equal undivided parts. In December, 1870, Hale and Sterne purchased the one-third interest owned by Branch. Sterne died in 1873 or 1874. The question is, whether the one-sixth interest acquired by Sterne after the date of the will passed to the plaintiff Lelia and the heirs of her body by force of the residuary clause in the third paragraph of the will or to her absolutely under the fifth paragraph.

Real property acquired after the date of a will will pass to the devisee, where it appears from the will that the testator intended to thereby dispose of such after acquired property, and it will pass according to the intention of the testator the same as in case of property owned by the testator at the date of the will. *Liggat v. Hart*, 23 Mo. 127; *Applegate v. Smith*, 31 Mo. 166. This will appears to have been prepared with care, and it seems to us its meaning is clear and not open to two constructions, and that the undivided one-sixth passed to Lelia by virtue of the residuary clause in the third paragraph. The fact that this clause is found in the third paragraph and not in the fifth or some subsequent part of the will is wholly immaterial. This residuary clause in the most express terms disposes of any after acquired real estate, and it also disposes of all real estate owned by the testator at the date of the will, not thereby specifically devised. The question, then, is whether the language of the fifth paragraph can be expanded so as to include this one-sixth.

At the date of the will the testator owned a one-third interest in the Latham farm. It is this interest he is speaking of when he says he devises to Lelia "an undivided interest of one-third in what is commonly called the 'Latham farm;'" and in the same paragraph he again speaks of this interest as "my said interest of one-third in said Latham farm." It is perfectly manifest that the testator in making this devise had in mind only the interest which he then owned, and it was this interest of one-third, and this only, that he undertook to dispose of by this paragraph. To say the testator intended to give this after acquired interest of one-sixth to Lelia upon the terms named in the fifth paragraph is to make a codicil for him when he did not see fit to make one himself This we can not do We have no power to deal with testaments in any such way. It is true we must construe the will from a consideration of all of its parts and in the light of the surrounding circumstances under which it was written, but we can not change the plain, clear and emphatic language of the testator. The fifth paragraph disposes of a one-third interest and no more. The trial court held that the after acquired one-sixth passed by the fifth paragraph, and in this it erred. The judgment is reversed and the cause remanded to be tried on the construction of the will here pointed out.

Some other questions are presented by the appellant but it seems they were not considered by the trial court and we express no opinion concerning them. Judgment reversed and cause remanded. All concur.