Audsley v. Hale.

---

WILLIAM A. AUDSLEY v. MARJORIE HALE et al., Plaintiffs in Error.

Division One, April 7, 1924.

1. **WRIT OF ERROR: Notice: Waiver.** A stipulation for a continuance signed by the attorney for defendant in error, within twenty days before the return day of a writ of error, after and in connection with written communications between said attorney and the attorney for plaintiff in error recognizing the fact that the writ had been previously issued, and the subsequent appearance by defendant in error stipulating for a further continuance and taking leave to file a brief, must be considered a waiver of the statutory right to file a motion to dismiss for lack of timely notice, especially where said motion was not filed for two years after said stipulation was entered into.

2. ———: **Within One Year.** A writ of error to review a judgment must be sued out within one year after the rendition thereof, by a party who at the time the judgment was rendered was twenty-one years of age.

3. ———: ———: **After Motion to Vacate Judgment Was Overruled.** Where a person joined as a defendant files a motion to vacate the judgment within three years after its rendition, whether for irregularities or for matters *dehors* the record, such motion being in the nature of a writ of error *coram nobis* and therefore an independent suit, such person, if twenty-one years of age at the time the motion is ruled, may sue out a writ of error within one year after said motion is overruled.

4. ———: ———: **After Judgment on Petition for Review.** Likewise, where defendant was not summoned as required by statute, or did not appear, he may under the statutes (Secs. 1532 to 1539, R. S. 1919), file his petition to review the judgment within three years after its rendition, and, if twenty-one years of age at the time the petition is denied, sue out his writ of error within one year after judgment is rendered denying him a review.

5. ———: **Within Three Years: Female Minor.** All parties to a civil action, whether male or female, are entitled to a writ of error to review a judgment of the circuit court, within three years after they reach the age of twenty-one years, if at the time it was rendered they were under that age. Section 1, page 466, General Statutes 1865, providing that "males of the age of twenty-one years, and females of the age of eighteen years, shall be considered of full age for all purposes, and until those ages are attained they shall be considered minors," did not deny to females over eighteen and under twenty-one years of age the provisions of Section 1487, Revised Statutes 1919, first enacted in 1855 and providing that "persons within the age of twenty-one years shall be allowed to bring their writs of error in civil cases within three years after such disability is removed," as is shown by subsequent revisions of the statutes.

6. **JUDGMENT: Motion to Vacate: Bill of Exceptions.** A motion to vacate a judgment is a part of the record proper, and will be considered by the appellate court, although no bill of exceptions was filed.

7. ———: **Minor Defendant: Woman Over Eighteen: Guardian Ad Litem.** A motion to vacate a judgment, filed by a female defendant whose age was over eighteen and under twenty-one years at the time the suit was filed, cannot be sustained on the sole ground that no guardian *ad litem* was appointed to represent her in its defense. The statute (Sec. 370, R. S. 1919) then (1918) in force pro-

vided that "males of the age of twenty-one years, and females of the age of eighteen years, shall be considered of full age for all purposes, except as otherwise provided by law," and it not being otherwise provided by the statute relating to the appointment of guardians *ad litem* and next friends, the failure to appoint a guardian *ad litem* for a female defendant who had attained to the age of eighteen years but was under twenty-one at the time the suit was brought, was not such an irregularity as authorizes the setting aside of the judgment. [Distinguishing Reisse v. Clarenbach, 61 Mo. 310, and Caho v. Endress, 68 Mo. 224, decided before the words "except as otherwise provided by law" were added to the statute.]

8. ———: Quieting Title: Contingent Interest of Remaindermen. The right in a contingent remainder may be adjudicated in a suit to quiet title. So that where the will gave a life estate to an unmarried woman and the heirs of her body living at the time of her death, and if she died leaving no heirs her surviving, then to testator's nephews and nieces, and the named devisee conveyed her life estate, her grantee may maintain suit to quiet title against the daughter and granddaughter of the said surviving life tenant, although neither has a right of present enjoyment or a present fixed right of future enjoyment, and may never have, their successive remainders being contingent upon their surviving their said ancestor. In such a suit the fee simple title cannot be adjudged to be in said grantee, but the court can ascertain and adjudge what interest under the will said bodily heirs may claim in case they survive the life tenant, where the petition alleges that said remaindermen claim or might claim some estate, title or interest as the bodily heirs of said life tenant.

9. ———: Petition for Review: Untrue Allegation: Claim of Contingent Remaindermen: Jurisdiction: Inconsistent Positions. A plea to the jurisdiction of the court, filed by contingent remaindermen, in a suit to quiet title, brought by the grantee of the life tenant, to whom and the heirs of her body the land had been devised, against such bodily heirs, wherein the petition alleges that such defendants claim or might claim some estate or interest under said will, and praying that their said interest be ascertained and determined, should be overruled, since defendants' interest in the contingent remainder can be adjudicated in a suit to quiet title; and a subsequent petition, filed by such defendants, for the review of said judgment, alleging both that said allegation that they had or might claim some interest was untrue, and that they did have such interest as gave them a right to have such judgment reviewed, does not meet the requirements of the statute (Sec. 1535, R. S. 1919) that petitioners must state that the petition to quiet the title was untrue in some material matter, and that they have a good

defense thereto, and does not state a cause of action for setting aside and opening up the judgment; and besides, petitioners' positions that the allegation that they might claim an interest was untrue, and that they nevertheless have such interest as authorizes them to assert the right of review, are inconsistent and contradictory.

Headnotes 1 to 6: Appeal and Error, 3 C. J. secs. 1296, 1091, 1051 (1926 Anno), 1050 (1926 Anno), 1068, 4 C. J. sec. 1775. Headnote 7: Infants, 31 C. J. sec. 3. Headnote 8: Quieting Title, 32 Cyc. 1374. Headnote 9: Quieting Title, 32 Cyc. 1374; Judgments, 34 C. J. 768.

Error to Carroll Circuit Court.—*Hon. Ralph Hughes,* Judge.

AFFIRMED.

*J. G. Hale* for plaintiffs.

(1) The plea of Marjorie Hale, showing that she had no rights in the lands described in plaintiff's petition, other than as a remainderman, under the will of Charles Sterne, as a child of her mother, who was living, and subject to defeasance if she did not survive her mother, brought to the knowledge of the court that it was called upon to adjudicate upon the possible rights of persons who were under a disability and helpless to assert their rights in a court or elsewhere. Hall v. French, 165 Mo. 430, 437; Case v. Sipes, 280 Mo. 110, 119; Matlack v. Kline, 280 Mo. 139, 150, 160; Gibson v. Gibson, 280 Mo. 519, 523; Carson v. Hecke, 282 Mo. 580, 591; Stockwell v. Stockwell, 262 Mo. 671, 680; White v. Kelton, 232 S. W. 670; Jones v. Himmelberger-Har. Lr. Co., 223 S. W. 63; Gray v. Clements, 227 S. W. 111. And under such circumstances this plea to the jurisdiction should have been sustained. (a) Due process of law within the provisions of the Fourteenth Amendment of U. S. Constitution is denied by adjudication upon the rights or interests of a person which, by reason of the uncertainty or contingency of such right or interest, or of the laws of the state where the adjudication is had the existence of such a right or

interest cannot be determined or the infringement thereof
cannot be redressed. Stockwell v. Stockwell, 262 Mo. 671;
Clark v. Mitchell, 64 Mo. 564, 577; State v. Staten, 46
Tenn. (6 Cold.) 233; Rose v. Himely, 4 Cranch (U. S.)
241, 269, 278; Galpin v. Page, 18 Wall. (U. S.) 350, 368;
Ownbey v. Morgan, 256 U. S. 94, 111; Schauble v. Schulz,
137 Fed. 389, 392. (b) The statutes do not require a re-
mainderman to bring action to enforce a claim to prop-
erty until the life estate has been terminated (though
if the estate were vested, action to preserve it might be
maintained in some cases). Case v. Sipes, 280 Mo. 110,
119; Starr v. Bartz, 219 Mo. 47, 57; Welch v. Wagner, 232
S. W. 146, 148; Matthews v. Van Cleave, 282 Mo. 19, 33;
Goodale v. Evans, 263 Mo. 219, 229; Reed v. Lane, 122 Mo.
311, 315. (2) The affidavit of Mary Brent Hale, defend-
ant, showing that she was under the age of twenty-one
years at the time the decree below was entered and that no
guardian *ad litem* had been appointed for her, the motion
made by her within one year from her attainment of the
age of twenty-one years should have been sustained.
R. S. 1919, secs. 1173, 1552, 1307; Rush v. Rush, 19 Mo.
441; Lehew v. Brummell, 103 Mo. 546; Charles v. Kelley,
120 Mo. 134; Neenan v. St. Joseph, 126 Mo. 89; Wells v.
Wells, 144 Mo. 198; Reineman v. Larkin, 222 Mo. 156;
Arn v. Arn, 264 Mo. 19; Weiss v. Coudrey, 102 Mo. App.
65; State ex rel. Gewronski, 110 Mo. App. 414; Galbraith
v. Pennington, 184 Mo. App. 1; State ex rel. v. Riley, 219
Mo. 667; Cross v. Gould, 131 Mo. App. 585. (3) This af-
fidavit also showing that she had no right in the property
other than under the Sterne will, to vest only upon the
death and her survival of her mother, and that the court
had rendered a judgment against her without jurisdiction
to adjudicate upon her rights, the judgment should have
been set aside for that reason, as there was no defendant
who could be sued as to her interests under that will.
2 Bouv. L. Dict. (Rawle; 3 Ed.), p. 2000; Collier v. Goess-
ling, 160 Fed. 604. (4) The averments in plaintiff's pe-
tion do not authorize the relief given by the decree, as no
allegation of any facts showing why title or estate in the

lands owned by Charles Sterne, should be divested out of the devisees in remainder or otherwise named in his will and vested in the plaintiff, is made. Peterson v. Larson, 285 Mo. 119, 125; Schneider v. Schneider, 283 Mo. 314, 332; Koehler v. Rowland, 275 Mo. 573, 580. The facts charged here simply show a claim of title in plaintiff with possession, and that the different classes of defendants might make claim to an interest in the lands described, or some parts thereof, making the action purely one at law. Busby v. Self, 283 Mo. 206, 213; Doe Run Lead Co. v. Maynard, 284 Mo. 646, 675; Stewart v. Loan & Tr. Co., 284 Mo. 364, 375. (5) If the court below had jurisdiction to adjudicate upon the rights and interests of Marjorie Hale and Mary Brent Hale, as remaindermen, the question of the effect of the sale of that interest in the partition proceeding referred to in plaintiff's reply is presented for consideration here. (a) The sale of the remainder interest in the said one-sixth of the Latham farm was void because it was in direct violation of the last will of the said Charles Sterne, which clearly indicated his intention that all of his lands except the one-third interest in the Latham farm which he owned at the making of his will should be preserved and held for the sole use of his said granddaughter during her life, and should remain as he had left it until her death. Sec. 2005, R. S. 1919; Sec. 43, 83, R. S. 1899; Hale v. Audsley, 122 Mo. 316; Stewart v. Jones, 219 Mo. 614, 633. After this court had decided upon Audsley's claim that the one-sixth interest could not be sold to him directly, he undertook to obtain the property by purchase indirectly. Powell v. Bowen, 279 Mo. 112, 115. (b) The sale of the remainder interest in the said one-sixth of the Latham farm was void because at the time of such sale and of the order directing such sale such interest had been set apart to the life tenant and remaindermen by the report of the commissioners in partition, which had been confirmed by the court, so that there was no person who had an interest in common with the said remaindermen or who could demand a partition or sale of the property with such remainder rights

existent. The law is settled that there can be no partition between a life tenant and the remaindermen. Sec. 2009, R. S. 1919; Gray v. Clements, 227 Mo. 111; Starr v. Bartz, 219 Mo. 47, 57.

*Lozier & Morris* and *Conkling & Withers* for defendant.

The trial court did not err. in rendering and entering the final judgment and decree in favor of defendant in error, and did not err in denying and overruling the motion to vacate said final judgment and decree of Mary Brent Hale. Sec. 1970, R. S. 1919; Ball v. Woolfolk, 175 Mo. 285; Garrison v. Frazier, 165 Mo. 46; Huff v. Land & Improvement Co., 157 Mo. 69; Doerner v. Doerner, 161 Mo. 407; Reinders v. Koppelmann, 68 Mo. 482; Sikemeier v. Galvin, 124 Mo. 367; Sparks v. Clay, 185 Mo. 393; Himmelberger-Harrison Lumber Co. v. Craig, 248 Mo. 330; Barber Asphalt Paving Co. v. Field, 188 Mo. 199; Dunklin County v. Choutau, 120 Mo. 593; Addington v. Townsend, 271 Mo. 611; Reed v. Ownby, 44 Mo. 206; Kloke v. Kloke, 276 Mo. 581.

LINDSAY, C.—The plaintiffs in error were defendants, with many others, in a suit brought by Audsley as plaintiff, to quiet title to certain lands situated in Carroll County. There were about 200 defendants, and some land involved other than the land wherein it is contended plaintiffs in error have an interest not determinable at that time, as the children of Lelia Hale, wife of John G. Hale, under the will of Charles Sterne, deceased. The land in this suit in which it was alleged plaintiffs in error claim or might claim an interest through the will of Charles Sterne deceased, was 320 acres.

Charles Sterne died about the year 1874, and his will was construed in Hale v. Audsley, 122 Mo. 316. It was there shown that John B. Hale had an undivided one-half interest in the 320 acres of land mentioned, and that Charles Sterne was the owner at the time of his death

of the remaining undivided one-half interest, having bought a one-sixth interest after making his will, but it was held that by the fifth clause of his will Charles Sterne had given to Lelia Hale, designated in the will as Leolia Henry Herndon, the undivided one-third interest in said land owned by him before making his will, and by the third clause had given the undivided one-sixth interest therein acquired by him after making his said will, to her, and the heirs of her body. Said will further provided that should said Lelia Hale die without bodily heirs, said real estate should go to the nephews and nieces of the testator. The nephews and nieces of Charles Sterne, deceased, were made defendants in the suit to quiet title. Other proceedings, and the course of events as gathered from the respective abstracts and statements are as follows:

In 1894 said John B. Hale instituted a suit to ascertain and declare the interests of the parties, and for the partition of said 320 acres of land, and it appears some other land, and joined as defendants therein said Lelia Hale, and her husband John G. Hale, and their daughter, the plaintiff in error, Marjorie Hale, then a minor, and also joined the nephews and nieces of Charles Sterne deceased. This was before the birth of plaintiff in error, Mary Brent Hale, which occurred in 1899. A guardian *ad litem* was appointed for Marjorie Hale, and an answer in her behalf was filed. A decree in partition was rendered, and commissioners were appointed who set off 160 acres of the 320 acres of land, to John B. Hale, and 80 acres of it to Lelia Hale, and reported the remaining 80 acres of this 320, and another tract, as being not susceptible of partition in kind without prejudice, and recommended the sale thereof and payment of the proceeds to Lelia Hale "to have and hold the *greater part thereof* for her natural life," and after her death the same to vest in the heirs of her body surviving, or, if none surviving, to the defendant nephews and nieces of Charles Sterne deceased. A sale of the remaining land was ordered, and was made, and Lelia Hale became the

purchaser. The proceeds of the sale (amount not stated), less the costs charged to Lelia Hale, were ordered to be paid to her for her use during her natural life, and after her death the same to go and vest absolutely in Marjorie Hale and other heirs of the body of Lelia Hale, should she have heirs of her body living at the time of her death; otherwise, to vest absolutely in the other remaindermen, nephews and nieces of Charles Sterne deceased. It was also ordered in this partition suit that Lelia Hale execute a bond in the sum of $400 to the remaindermen, conditioned that said Lelia Hale, her executors and administrators, would account for and pay over the funds she should receive as life tenant, at the termination of her life interest therein. After the termination of the partition proceedings, in 1895, John B. Hale, and Lelia Hale and her husband, John G. Hale, executed warranty deeds to the land involved, whereby all their interests, in part by direct conveyance, and in part through mesne conveyances, were conveyed to Audsley.

In July, 1918, Audsley as plaintiff brought the suit to quiet title. Personal service was had in that suit upon Marjorie Hale and Mary Brent Hale on August 12, 1918, at their residence in Chicago, Illinois, for their appearance on the 3rd Monday in September, 1918. There is no claim of irregularity in respect to this. Service upon the other defendants was by publication. Marjorie Hale was at the time over the age of twenty-one years, and Mary Brent Hale was nineteen years of age. Mary Brent Hale did not appear to the summons in the suit to quiet title. Marjorie Hale appeared and filed a plea to the jurisdiction of the court, alleging that her appearance was special and for that purpose alone. She set up the provisions of the will of Charles Sterne, deceased, the interest thereunder of her mother, Lelia Hale, in said real estate, averring that her mother took only a life estate in the land and interests devised to her by the will, and averred that she, in common with any other children surviving her said mother, "will be entitled to lay claim in fee-simple to any portion of said real estate not

disposed of by her mother, according to the provisions of the will of Charles Sterne.'' She averred that having no definite or certain right or interest in said real estate she was without power to assert a claim thereto; that the court was without jurisdiction to enter any decree in adjudication of her right to any portion of said real estate, or to require her to submit to an adjudication thereof; and that an adjudication thereof during the lifetime of her mother would be a deprival of property without due process of law, and in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States; and she prayed the judgment of the court as to whether she could be required to answer the petition. Audsley, the plaintiff below, filed a reply to the special plea, and set forth the provisions of the will of Charles Sterne. He also pleaded the making of a contract in 1894, for the purchase by him of said land from John B. Hale and Lelia Hale (the contract referred to in Hale v. Audsley, 122 Mo. 316), the discovery by John B. Hale and Lelia Hale that the latter did not own the fee in said one-sixth interest in said land, and set forth the bringing of the partition suit thereafter, and the partition sale and conveyance had, and hereinbefore referred to, and asked that the plea to the jurisdiction be dismissed, and that the court proceed to trial and judgment. The court held it had jurisdiction to hear and determine the rights of all of the defendants and overruled the plea of Marjorie Hale and proceeded to judgment in favor of the plaintiff below. Marjorie Hale filed no other pleading. No exceptions were saved, no motion in arrest or for a new trial were filed. The judgment was rendered on January 21, 1919. On the 20th day of September, 1920, plaintiff in error, Mary Brent Hale, filed her motion asking that the judgment against her be set aside and vacated.

The affidavit of Mary Brent Hale made and filed with said motion and made part thereof showed that she reached the age of twenty-one years on July 8, 1920. The defendant below filed his motion to strike out the

motion to vacate for want of proper notice, lack of juris-
diction, and as not stating sufficient facts to warrant the
relief asked.  His motion was overruled.  The motion of
Mary Brent Hale was then heard, and was overruled
on January 14, 1921.

The writ of error herein was brought on July 1,
1921; was returnable to the October term 1921, and re-
turn was filed October 3, 1921.  On September 12, 1923,
the defendant in error filed his motion, submitted with
the cause, to dismiss the writ of error, upon two grounds.

The first ground stated in the motion to dismiss the
writ herein is, that plaintiff in error failed to cause notice
thereof in writing to be served upon defendant in error
or his attorneys of record, twenty days before the return
day of the writ, as required by Section 1502, Revised
Statutes 1919.  It appears that beginning about the 21st
day of June, 1921, and shortly before the writ was sued
out, a correspondence by letter was entered into between
the attorneys for plaintiffs in error and one of the at-
torneys for defendant in error, by which the latter was
advised of the former's intention to sue out the writ;
and after the issuance of the writ, in August, 1921, let-
ters were. exchanged between the attorneys discussing
what portions of the record the clerk should include in
the return, and suggestions on that point were made by
the attorney for defendant in error.  It appears also that
on September 28, 1921, a stipulation was signed wherein
it was recited "that notice in connection with suing out
of writ of error for the review of the judgment or decree
in this cause is acknowledged."  The return day was
October 11, 1921.

At the October term, 1922, of this court, a stipula-
tion was filed by the parties for a continuance of the cause
until the April term, 1923, and for leave for defendant
in error to file brief on or before March 15, 1923, and the
cause was so continued.  At the April term, 1923, the
parties filed their stipulation to continue to the October
miss the writ was filed September 12, 1923.  Section 1502,

Revised Statutes 1919, requires notice to be served twenty days before the return day of the writ. It has this farther provision: "If such notice be not served, the writ shall be dismissed, unless good cause for such failure be shown." In this case the stipulation was signed within twenty days before the return day, and whether it be regarded as in and of itself an absolute acceptance of notice, or not, it was after and in connection with written communications recognizing the fact that the writ had issued. Afterward defendant in error appeared twice to the writ, stipulating for a continuance and taking leave to file his brief. A motion based on failure to serve notice, filed so long a time afterward, and under the circumstances shown, comes too late. Defendant in error must be held to have waived any lack of formality or of timely service. [Kenner v. Doe Run Lead Co., 141 Mo. 248; Igo v. Bradford, 110 Mo. App. 670.]

The second ground urged for dismissal of the writ is, that it was not sued out within one year, and not until two years, five months and ten days, after the rendering of the judgment. The attorney for plaintiffs in error urges in answer to the foregoing that Mary Brent Hale was under twenty-one years of age at the time the decree was rendered, and had three years after reaching the age of twenty-one in which to sue out the writ under Section 1487, Revised Statutes 1919. The situation is somewhat unusual, and some phases of it are not made clear by the abstracts and the record brought here. There is no way to determine precisely who were joined in suing out the writ. No petition for the writ is shown or referred to, but, apparently, Marjorie Hale and Mary Brent Hale are the only persons suing out the writ of error.

The arguments of counsel for both parties seem to proceed upon the theory that January 21, 1919, the date of the rendition of the judgment is the sole date to be considered, counsel for defendants in error urging that more than one year thereafter had elapsed before suing out the writ, and counsel for plaintiffs in error contend-

ing that Mary Brent Hale being under twenty-one years of age at the time, had three years in which to sue out the writ, after reaching the age of twenty-one years. Marjorie Hale was more than twenty-one years of age on January 21, 1919. She was barred after one year from bringing the writ to review the judgment then rendered. [Sec. 1487, R. S. 1919.] She did not join in the motion to vacate the judgment. That motion was filed by Mary Brent Hale alone.

This court has held in several cases that a motion filed after the term at which the judgment was rendered, to vacate the judgment, either for irregularities on the face of the record, or for matters *dehors* the record, is of the nature of an independent proceeding, and that the order made by the court upon such a motion is an order from which an appeal or writ of error lies. [State ex rel. v. Riley, 219 Mo. 669, 695; Scott v. Rees, 253 S. W. 998; Shuck v. Lawton, 249 Mo. 169.] What was said in that respect in these cases applies to a motion filed under Section 1552, Revised Statutes 1919, or, to a motion which is of the nature of a writ of error *coram nobis*. The motion filed by Mary Brent Hale partakes somewhat of the nature of both of these, and also of a petition for review. There is another statutory proceeding for setting aside or vacating final judgments, as where the defendant was not summoned as required by statute, or did not appear to the suit. This is the proceeding for review provided for under Sections 1532 to 1539, Revised Statutes 1919, to be instituted within three years after judgment by the filing of a petition for review to be served upon the plaintiff in the judgment "in like time and manner as provided for the service or giving of notice in case of an original petition upon a defendant." An appeal lies from the order denying such a petition (Osage Inv. Co. v. Sigrist, 250 S. W. 39; Bussiere's Administrator v. Sayman, 257 Mo. 303) ; and for the same reason, a writ of error will lie, since, as to the defendant whose motion or petition to vacate or set aside has been denied, it is "a special order made after final judgment in a case" from

which an appeal will lie, and it is "a final judgment or decision" to which a writ of error will run. As was said in Bussiere's Administrator v. Sayman, supra, when the defendant's motion to set aside a final judgment upon default has been denied, he has reached "the last ditch" in the trial court.

Recurring to the respective contentions of the parties upon the motion to dismiss the writ as to Mary Brent Hale, as being brought more than one year after the rendition of the final judgment rendered January 21, 1919. The attorney for plaintiff in error relies upon the provision in Section 1487, Revised Statutes 1919, that "persons within the age of twenty-one years shall be allowed to bring their writs of error in civil cases within three years after such disability is removed."

The attorneys for defendant in error call attention to the fact that the provision just quoted was a part of the statute in 1855 (Laws 1855, vol. 2, p. 1295), and that in 1865 the Legislature enacted the following Section: "Males of the age of twenty-one years, and females of the age of eighteen years, shall be considered of full age for all purposes, and until those ages are attained, they shall be considered minors." [Sec. 1, p. 466, G. S. 1865.] They argue that this section operated to make females of the age of eighteen years of full age for the purpose of suing out a writ of error, and that its effect was to strike out of the writ-of-error section the word "twenty-one" as to females, and insert in lieu thereof the word "eighteen," and that this is so although the word "twenty-one" has been carried through all the revisions since. The contention disregards the intent and effect of a change made in the statute defining who are minors. In the Revision of 1879, there appears an amendment of the statute of 1865 defining who are minors, by the insertion of the words, "except as otherwise provided by law," since then a part of that section, and appearing in the revisions. [Sec. 370, R. S. 1919.] It disregards also an important change, made after 1865, in the writ-of-error section. In 1865, and down to the Revision of 1889, any

person had three years in which to bring his writ of error. In the Revision of 1889, the time was cut down to one year, but the provision giving to a person within the age of twenty-one years the right within the period of three years after removal of such disability, was retained. [R. S. 1889, sec. 837.] In view of these changes, and the relative times of their making, the plain language of Section 1487, applicable to persons within the age of twenty-one years, cannot be disregarded, nor held to be annulled by the language of the section defining who are, and who are not, minors. The provision in the writ-of-error section is to be regarded as saving to a certain class of persons, whether male or female, a right or privilege, applicable, to the particular proceeding authorized by that section. Pertinent to what has been said is the discussion by NAPTON, J., in Caho v. Endress, 68 Mo. l. c. 226, and also in Reisse v. Clarenbach, 61 Mo. l. c. 313. In view of the conclusions stated it is held that the writ cannot be dismissed as to Mary Brent Hale, because not brought within one year, but within three years after the judgment rendered, on January 21, 1919, and it cannot, under the holding in State ex rel. v. Riley, 219 Mo. 669, and Scott v. Rees, 253 S. W. 998, because, although brought more than one year after the judgment was rendered, it was yet brought within one year after the motion to set aside and vacate was denied. The motion of defendant in error to dismiss the writ upon the grounds therein stated, is overruled.

The return filed in this court is in short form. It shows nothing but the judgment in the suit to quiet title, the filing by Mary Brent Hale of her motion to vacate that judgment, the denial of that motion by the court, and a leave granted to file bill of exceptions, on or before March 1, 1921. No motion for a new trial was filed. The defendant in error urges that the writ should be dismissed because the abstract does not show the filing of a bill of exceptions, and that otherwise and in every respect it does not comply with the rules. The abstract does not contain any recital that a bill of exceptions was

ever filed, unless by way of inference. On that point the abstract is as follows:

"February 28, 1921. Bill of exceptions with O. K. of Conkling & Withers and Ralph F. Lozier, attorneys for plaintiff, and signed by Ralph Hughes, judge of the court, on February 26, 1921, reciting the presenting of the said motion of Mary Brent Hale to the court at the September term, 1920, with affidavit," etc.

The further recitals in the bill of exceptions, as stated in the abstract, show nothing more contained therein than that defendant in error filed his motion to strike out the motion to vacate, (1) for want of proper notice, (2) lack of jurisdiction, (3) failure of the affidavit to state sufficient facts to authorize the setting aside of the judgment; the overruling of said motion of defendant in error, the overruling of the motion to vacate, and leave taken to file the bill.

The action of the trial court in overruling the motion to strike out on the ground that proper notice of the motion to vacate was not given, is taken to be correct, in the absence of any satisfactory showing here to the contrary.

In the further view we take, the question of sufficient showing that the bill of exceptions was filed is unimportant. The motion to vacate the judgment initiated the proceeding to vacate, or review, and must be regarded as part of the record proper, and must therefore be considered. [Scott v. Rees, 253 S. W. 998; Osage Inv. Co. v. Sigrist, 250 S. W. 39.] The plaintiff in error, in asking relief in the trial court, stood upon the grounds set forth in her motion and in the affidavit made part thereof. The motion and affidavit are not set forth, but the substance only is stated, in the abstract of plaintiff in error. Defendant in error has set them out fully. The affidavit assumes in part the character of a pleading, and in some respects undertakes to constitute a compliance with the provisions of Section 1535, Revised Statutes 1919. The motion to vacate is as follows:

"Now comes Mary Brent Hale one of the parties defendant in the above entitled cause and shows to the court by her affidavit herewith filed the facts stated therein, and moves the court to set aside and vacate the judgment and decree of this court entered in the above entitled cause at the January term of said court 1919, against her, for the reasons following:

"1. Because at the time of the rendition of the said judgment and decree she was within the age of twenty-one years, and no guardian *ad litem* was appointed for her by the court.

"2. Because the allegations of the plaintiff's petition filed in said cause as to this defendant asserting any claim to or interest in the lands there mentioned or then having the right to assert such claim or interest were untrue and so known to be by the said plaintiff.

"3. Because the said judgment or decree so rendered may be, if not set aside, an adjudication of the right or interest in the property and real estate there referred to of this defendant to which she may be entitled if she survive her mother, and upon which or in which she can have no possible claim or interest unless she survive her mother."

And the affidavit made part thereof is as follows:

"Mary Brent Hale of said state and county last aforesaid, and the city of Chicago embraced therein, being first duly sworn, makes oath and says:

"That she is the same identical person named in the above entitled cause, brought to the September term, 1918, of the Circuit Court of Carroll County, as party defendant by the name of Mary Brent Hale.

"That she was born at the city of Chicago, Illinois, on the 8th day of July, 1899, and reached the age of twenty-one years on the 8th day of July, 1920, having continuously during her lifetime resided at the said city of Chicago.

"That she is informed that the January term, 1919, of the Circuit Court of Carroll County, Missouri, a certain judgment or decree rendered against her, in the above entitled cause, concerning and pertaining to cer-

tain interests or estates in lands in Carroll County, Missouri, in which she may be entitled to and vested with certain rights and remainder if she survive her mother, Leolelia Herndon Hale, formerly known as Leolelia Henry Herndon, with whom she is now residing.

"That the averment in the plaintiff's bill of complaint or petition filed in the said cause is wholly untrue, in the respect that this defendant was charged to make some claim to or interest in certain real estate in said petition described, and was so known to be by the said plaintiff, as the said plaintiff and those acting for him in the preparation of his said petition well knew that this defendant could have no possible right in or to any property therein described prior to the death of the said Leolia Herndon Hale, formerly Leolelia Henry Herndon, and then only in the event of her (affiant's) survival of her said mother, from the fact that the only possible basis for a claim to, or interest or estate in the real estate described in the plaintiff's petition, or any portion thereof, which this affiant could have the right to make or assert is found in the will of one Charles Sterne, deceased, devising and bequeathing to Leolelia Henry Herndon, the mother of this affiant, all of his real estate for and during her life, with the power to sell his undivided interest in one particular lot or tract in said will named, and from and after her death to the heirs of her body then surviving her, with the terms and provisions of the said will of the said Charles Sterne the said plaintiff and his said attorneys were fully advised and acquainted.

"That at the time of the institution of this suit, and of the rendition of the judgment or decree herein, and now, this affiant is not in position to assert any right to or interest or estate in any portion of the real estate described in plaintiff's said petition, or to defend or maintain in a court of justice and law any such right, because of the provisions of the will of the said Charles Sterne and of the fact that the said Leolelia Henry Herndon is still living; and the institution of the said suit against this affiant was a fraud upon this affiant, and the rendi-

tion of the said judgment and decree against this affiant was a violation of the provisions of the Fifth and Fourteenth Amendments of the Constitution of the United States guaranteeing the right to hold property and prohibiting the denial or deprivation of such right or the taking of such property without due process of law, as under the provisions of the said will of said Charles Sterne, this affiant will be entitled to demand and hold in fee-simple certain of the real estate owned by the said Charles Sterne at the time of his death after the demise of, and provided she survive her said mother, Leolelia Herndon Hale, or an undivided interest therein if other bodily heirs survive the said Leolelia Herndon Hale.''

The first ground of the motion to vacate is one of an alleged irregularity not appearing upon the face of the record in the suit to quiet title, but to be shown outside of that record, if available. It is of the nature of a writ of error *coram nobis*. It appears that the plaintiff in error was nineteen years old at the time the suit was filed, and was twenty years and some months old at the time the judgment was rendered. At that time, Section 370, Revised Statutes 1919, was in force, as follows: ''Males of the age of twenty-one years, and females of the age of eighteen years, shall be considered of full age for all purposes, *except as otherwise provided by law,* and until those ages are attained they shall be considered minors.'' This is a part of Article 16 of Chapter I, concerning guardians and curators of minors.

Under the provisions of the article mentioned she was of full age for the purpose of demanding, holding and managing her property of every kind. Under that statute she was of full age for every purpose, ''except as otherwise provided by law.'' The immediate question is, was she of full age for the purpose of being sued in relation to her rights in property. The provisions concerning the appointment of a next friend or a guardian *ad litem* for a person not of full age, suing or being sued, are contained in Article II of Chapter 12. The persons there considered are designated ''infants.'' That stat-

ute, however, contains no provision fixing the age of those who are to be considered as infants. There is no definition or provision there forming an exception within the term of Section 370. At the time the opinions in Reisse v. Clarenbach, 61 Mo. 310, and Caho v. Endress, 68 Mo. 224, were written, the guardian statute did not contain the words, "except as otherwise provided by law." In its then broad terms it was held that it did not affect the provisions of those statutes withholding a right—as to make a will, or saving a right, as in limitation statutes—dependent upon the person, whether a male or a female, being within the age of twenty-one years. But in those cases some doubt and a degree of hesitation was expressed as to the effect of the guardian statute in that form in its relation to other statutes affecting minors. At a later time, as has been stated, the guardian statute was amended by the insertion of the words "except as otherwise provided by law." As so amended it cannot well be construed as meaning otherwise than that in this State, while that statute was in force, a female of the age of eighteen years was of full age for all purposes, except where the law applicable to the act involved, made a different provision. The word "infant" used in the code of civil procedure, and the word "minor," used in the statute on guardians, are not distinguishable in legal significance. Each word applies to a person who has not attained the age of majority as prescribed by law. [31 C. J. 986.] The prosecution of a suit by a female over eighteen and under twenty-one years of age is distinctly stated in Craig v. Van Bebber, 100 Mo. l. c. 588, and in Gebhardt v. United Railways, 220 S. W. l. c. 678, and no question was raised as to the right to do so. The right to prosecute implies the right to defend. We hold that the failure of the court to appoint a guardian *ad litem* for plaintiff in error, Mary Brent Hale, was not an irregularity, and the judgment was not voidable on that ground, and the motion to vacate cannot be sustained upon that ground.

The second ground of the motion is that the allegation of the petition that this plaintiff in error was asserting or had the right to assert any claim or interest in said real estate was untrue. The third, ancillary in part to the second, is, that plaintiff in error could or can have no possible interest unless she survive her mother; that therefore she has no interest, presently adjudicable, although it is said the judgment rendered may be an adjudication of her interest if not set aside.

It appears from this and from the brief of plaintiffs in error that their essential contention now, and at the time of the suit to quiet title, is and was, that they had no interest or claim of interest subject to adjudication in that suit, or in any suit of that character during the life of their mother. In their reply brief it is said: "Being unable to assert any right in any portion of the land, or to defend any such right, Marjorie Hale and Mary Brent Hale, could not do otherwise than submit to a judgment of *default,* and make motion to set aside the judgment within the time allowed by the Revised Statutes 1919, Sections 1529, 1532, 1533, 1534, to-wit *three years,* which right to set aside is absolute." The reason why plaintiffs in error permitted judgment to go by default is thus apparent, and the soundness of that reason, and of their contentions here in that regard, is a matter of consequence, and is to be considered. That the plaintiffs in error could not under the will of Charles Sterne assert any right to the possession of this real estate during the life of Lelia Hale is obvious. The argument of counsel for plaintiffs in error seems to proceed upon the theory that because thereof, they could assert no claim of an interest of any kind, during the life of Lelia Hale. The will of Charles Sterne is not set forth in the abstract. Its alleged terms are pleaded in the plea to the jurisdiction filed by Marjorie Hale and the answer of Audsley to that plea, set out in the additional abstract of defendant in error. The will is set out in the opinion in Audsley v. Hale, 122 Mo. 318. The undivided one-sixth interest here involved is an interest in the 320 acres, mentioned in the fifth clause of the will, but which said one-sixth interest

therein passed, by virtue of the terms of the third clause of the will, to Lelia Hale, and the heirs of her body, along with the other lands devised under the third clause. The undivided one-third interest in the 320 acres went by the fifth clause to Lelia Hale, with power after her majority to sell said one-third interest and retain the proceeds. That case decided no more than that the undivided one-sixth interest in the 320 acres passed under the third and not under the fifth clause of the will. These two undivided interests were involved in the partition suit before mentioned. The proceedings in the partition suit appear here only as set up by Audsley in his reply to the motion of Marjorie Hale.

Lelia Hale took a one-third interest in the 320 acres of land with the full power of disposition, and she did dispose of it. She took the one-sixth interest for life, with remainder to the heirs of her body, or, in default of heirs of her body, to the nephews and nieces of Charles Sterne. Under the will the right of the plaintiffs in error to come into the enjoyment of the undivided one-sixth interest was contingent upon their survival of their mother. During her lifetime they could have neither an immediate right of present enjoyment, nor a present fixed right of future enjoyment. The right of future enjoyment was uncertain, and the remainder consequently contingent. But the right in a contingent remainder may be adjudicated in a suit to quiet title. [Sec. 1970, R. S. 1919; Ball v. Woolfolk, 175 Mo. 278; Garrison v. Frazier, 165 Mo. 40; Meriwether v. Love, 167 Mo. 514; Utter v. Sidman, 170 Mo. 284; Hambel v. Lowry, 264 Mo. 168; Simms v. Thompson, 291 Mo. 493.] It is a vendible interest. [Godman v. Simmons, 113 Mo. 127; Brown v. Fulkerson, 125 Mo. 400; Bradley v. Goff, 243 Mo. 96.]

In the petition in the suit to quiet title the plaintiff asked the court to hear and finally determine all of the rights, claims and interests of the parties. He alleged that the defendants Marjorie Hale and Mary Brent Hale claim or might claim some estate, title or interest in said real estate as the daughters of Lelia Hale, and under and

by virtue of the last will of Charles Sterne deceased. Whatever that interest might be it was determinable as between the plaintiff and said defendants in that suit. The motion to vacate appears to be in part based upon the provisions of Sections 1332-1535, Revised Statutes 1919, as a petition for review. Section 1535 provides:

"No such judgment shall be set aside unless the petition for review shall state the existence of the facts set forth in Section 1532, and that the petition of plaintiff, upon which the judgment complained of was obtained, is untrue in some material matter, setting it forth, or that he has and then had a good defense thereto, setting such defense forth, or both."

If the petition authorized by Section 1535 meets the requirements there made, it must be granted. [Osage Inv. Co. v. Sigrist, 250 S. W. 39.] The motion here under consideration does not meet the requirements. It alleges that the allegation of the petition that plaintiffs in error had or asserted an interest was untrue. But how can it be said to be untrue in view of the conceded fact that whatever interest plaintiffs in error have, or may have, arises under the will of Charles Sterne, and in view also of their position here. They must and do claim an interest, not immediately enjoyable, yet a right which, if they survive their mother, will ripen into absolute ownership and right of possession. They could not assert a claim of right of immediate possession, and are not attempting that, but they are vigorously asserting an interest under said will. Numerous cases are cited in the brief for plaintiffs in error to the effect that no cause of action accrues to the remainderman until after the death of the life tenant, and that until such time the remainderman cannot be called upon to defend his right, and that the Statute of Limitations does not run against him. [Hall v. French, 165 Mo. 430; Case v. Sipes, 280 Mo. 110; Welch v. Wagner, 232 S. W. 146; Eighme v. Indian B. & W. R. Co., 249 S. W. 717.] These cases hold that the right of entry by the remainderman does not accrue until the death of the life tenant, but they do not hold that the

remainderman may not during the life of the life tenant have the nature and extent of his interest determined. The remainderman need not be in possession or claim the right of immediate possession to do this. The party in possession, or out of it, may ask determination, and the court may determine all rights, claims or interests, "certain or contingent" whatsoever of the parties or of any of them. [Sec. 1970, R. S. 1919.]

The plaintiff in error is placed in inconsistent positions by the motion. As the party movent she must have or claim an interest in the subject-matter adjudicated, but her motion is based on the allegation that it was not true as alleged that she had or claimed to have an interest. The one is destroyed by the other. The motion or petition does not clearly and definitely state all the facts contituting a defense to the action. The substance of the affidavit is that plaintiff in error cannot assert any right, or defend or maintain any right or claim of right, because of the provisions of the will, and because her mother still survives, but that after the death of her mother, she will be entitled to "demand and hold in fee-simple certain of the real estate owned by Charles Sterne at the time of his death," and that she can, "prior to the death of her mother, have no possible right in or to any property" described in the petition.

Further, considered as a petition for review offered under the provisions of Section 1535, the motion is not bottomed upon any allegation that plaintiff in error was not summoned as provided in Chapter 12 or did not appear, as provided in Section 1532. Those matters alleged, a defendant may then "show good cause for setting aside such judgment." Those matters constituting good cause are defined in a general way, in Section 1535.

Those matters showing good cause are the statement that the petition of the plaintiff is untrue in some material matter, setting it forth, or that the defendant has and had then a good defense thereto, setting it forth, or both. As to the first, Mary Brent Hale did not stop in her motion and affidavit with the statement that the petition was

untrue in charging that she claimed an interest in the land. She proceeded to set up such facts as constituted a claim of an interest, but she denied the jurisdiction of the court to determine and define what that interest was. Thus, upon the face of it, the untruth in a "material matter" consisted only of the distinction between merely claiming an interest, and claiming an interest while denying the jurisdiction of the court to determine and define such interest. She did not state facts constituting a defense against the plaintiff's claim of acquisition of title, as that his claim was based upon a sale in partition which was invalid.

The matters for review here are those stated in the motion or petition to vacate and set aside the judgment. The action of the trial court was invoked upon those grounds, and the court did not err in overruling the motion.

The judgment should be affirmed. *Small, C.*, concurs.

PER CURIAM:—The foregoing opinion of LINDSAY, C., is hereby adopted as the opinion of the court. All of the judges concur.