**STATE of Missouri, Respondent,**

v.

**Gary Francis CHAPPLE, Appellant.**

**No. 55034.**

Supreme Court of Missouri,
Division No. 2.

Feb. 8, 1971.

---

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

Wear & Wear, William A. Wear, Springfield, for appellant.

PRITCHARD, Commissioner.

Appellant, then age twenty, was convicted, as charged, of molesting a minor, a female person of the age of eighteen years, under § 563.160 RSMo 1959, V.A.M.S., and the jury assessed his punishment at two years imprisonment.

On this appeal the contention is first that § 563.160 "did not contemplate, nor cover, the factual situation presented in this case, and the acts proven did not violate this statute."

Wanda Irene Lathrop, who was eighteen years of age when the alleged offense occurred on November 15, 1968, lived in a rented room at 1754 South Wedgewood in Springfield, Missouri. She worked at Litton Industries. On the evening of the 15th she met Steve Brown and Ronnie Bryant at Don Lo's, sat there with them until around 12:15 or 12:30, and then went driving around for one-half to an hour. Neither Wanda nor the two boys had anything to drink. It had been raining and Wanda waited for it to clear up until about 3:00 a.m., then drove home alone in her father's Chevrolet. As she drove along she noticed another car with one person in it pull out behind her. She parked along the curb in front of where she lived, started to get out to run into the house when the person in the other car called to her to come there. She asked what he wanted and he asked if she lived there. She told him she did and that she was just going home, and declined his request to go riding with him.

Wanda was standing there in the rain, and when she refused to go riding with him he pointed a gun out of the rolled down window of his car and said, "[W]ell, if

you don't want shot, you'd better get in." (Defendant's evidence was that the gun would shoot only pistol blanks.) Wanda got in his car on the passenger side, definitely saw the person under the wheel who was still holding the gun who told her if she would behave nothing would happen to her, that all he wanted to do was go riding around for awhile and talk to her. He drove her out toward Nixa and parked. While he was sitting under the wheel, the man used "some pretty foul language" and said to Wanda that he was going to make love to her. He scooted over to Wanda's side of the car and started to kiss her, and she slapped him. He put his arms around her and she resisted his kissing her by biting his lips. He started to take her dress off by its zipper in the back, and put his hands on her knee, up her leg and on her breast, during which time she was fighting him. Thereafter he scooted back on his side of the car, pulled the gun out and said to Wanda, "Would you rather do it or do you want me to shoot you?" She thought that by "do it" he meant "Well, make love to me I guess" by which she meant sexual intercourse. At this time Wanda's companion was pointing the small black gun with a white-capped handle at her, and she told him she would "rather get shot first." He suggested she would have to walk home in the rain, so she told him that if he would take her back to the house where she lived alone they could spend the night. He agreed and drove her back to her home where she pushed him down at the screen door and eluded him through the door. Wanda then alerted her landlady and the police were called. Wanda pointed out appellant in court as being the man who accosted her that night. Three or four days later Wanda and a girl friend were driving around Springfield and Wanda saw a Chevrolet car like the one appellant had been driving and was able to get its license number and again observe appellant. She went to the police station, gave them the license number, and the next day went to the station and identified appellant in a lineup.

Section 563.160, supra, is:

"Any person who in the presence of *any minor* shall indulge in any degrading, lewd, immoral or vicious habits or practices; or who shall take *indecent or improper liberties with such minor*; or who shall publicly expose his or her person to such minor in an obscene or indecent manner; or who shall by language, sign or *touching such minor, suggest or refer to any immoral, lewd, lascivious or indecent act*, or who shall *detain or divert* such minor with intent to perpetrate any of the aforesaid acts, shall be considered as annoying or molesting said minor and shall upon conviction be punished by imprisonment in the penitentiary for a period not exceeding five years, or be punished by imprisonment in the county jail for a period not exceeding one year, or be fined in a sum not to exceed five hundred dollars or by both such fine and imprisonment." (Emphasis added.)

Appellant argues that there was no evidence that any immoral, indecent, lewd or lascivious acts, habits or practices were performed against the minor. The evidence shows that appellant put his arm around Wanda, kissed her once, used foul language, told her to "do it" (meaning sexual intercourse as the jury could find) or he would shoot her, started to remove her dress, put his hand on her knee and leg, and on her breast. These acts clearly come within the above-italicized words of the statute which defines molestation of a minor, and occurred when Wanda was detained by appellant against her will, and show his intent to take indecent or improper liberties with her. The statute does not limit its application to any age group, but refers only to "any minor." Under various statutes of this state a minor is defined as a person under twenty-one years of age, §§ 475.010 and 404.010, RSMo 1969, V.A.M.S., among some. See Audsley v. Hale, 303 Mo. 451, 261 S.W. 117; 43 C.J.S. Infants §§ 1, 2, p. 49; 27 Words and Phrases, p.

416. Thus appellant's argument that the statute on molesting a minor was not intended to apply to the acts of a twenty-year-old minor committed upon another minor eighteen years old is not persuasive. Nor does State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 769, cited by appellant, limit the application of the statute to molestation by older persons of minors of very tender years as urged. That case does say that the plain purpose of the statute was the protection of "minors *as a class* from any depraved older person who might be inclined to take advantage of and mistreat minors by subjecting them to certain prohibited degrading sexual practices and situations * * *." (Italics added.) 42 Am.Jur.2d, Infants, § 16, p. 22, refers to statutes protecting children from neglect, ill-treatment and abuse by parents, guardians and those who have assumed the relation in loco parentis. Such statutes by their terms and intendment refer to children of tender years, but impose no duties, as stated, to persons who have attained maturity in size and who have the "size and strength of a man." The fact that other statutes have penalties for the commission of crimes against young persons and specifying the ages of the victims to which such statutes apply does not mean that the Legislature intended that § 563.160 should not apply to all minors as that term is universally applied according to statutory definition, i.e., in this state any person under the age of twenty-one years.

Appellant claims error in the giving of Instruction No. 1:

"The Court instructs the jury that if you find and believe from the evidence beyond a reasonable doubt, as that term is defined in other instructions, that on or about the 15th day of November, 1968, in the County of Greene and State of Missouri, the defendant Gary Francis Chapple did then and there wilfully, unlawfully and feloniously in the presence of a female minor, to wit: Wanda Irene Lathrop, of the age of eighteen (18) years, take improper liberties with such minor by kissing her and fondling her person, and by language refer to an immoral and indecent act, to wit: sexual intercourse, and detain said minor with intent to perpetrate the aforesaid acts of kissing, fondling and intercourse, and did thereby annoy and molest said minor, then your will find the defendant Gary Francis Chapple guilty of Molesting a Minor with Immoral Intent as charged in the information, and unless you find the facts so to be you will find the defendant, Gary Francis Chapple, not guilty.

"If you find the defendant Gary Francis Chapple guilty as charged in the information, you will assess his punishment at imprisonment in the penitentiary for a period not exceeding five years, or be punished by imprisonment in the county jail for a period not exceeding one year, or be fined in a sum not to exceed five hundred dollars or by both such fine and imprisonment."

■ It is first said that the statute calls for "indecent or improper liberties" and the instruction directed a conviction if the jury found that appellant took only improper liberties. The words "indecent" and "improper" are in the disjunctive and therefore the state had the option of using either word or both as the evidence tended to support. The instruction did not assume that kissing and fondling were improper liberties. Kissing and fondling were merely additional adjectives defining the general term "improper liberties" which the jury was required to find. So also with the words "by language refer to an immoral and indecent act, to wit: sexual intercourse," which under the evidence and common knowledge would not require a specific finding that such words referred to a lewd, lascivious act. The evidence was that appellant touched Wanda's knee, her leg, her breast, and an attempt was made to unzip her dress. These acts would be within the meaning of fondling as that term is commonly known. State v. Jackson, Mo., 369 S.W.2d 199, 204, had a

submission merely of "improper liberties" without adjectives defining the term. Appellant's attacks on Instruction No. 1 are met by State v. Tandy, Mo., 401 S.W.2d 409, 414, distinguishing the Jackson case and holding that the instruction there did not constitute a roving commission in view of the additional adjectives and identifying terms used.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.