## J. S. SOLOMON *v.* TUPELO COMPRESS CO.

APPEARANCE. *Form of plea. Effect. Judgment.*

> Where an appellant claims that a plea (which is somewhat ambiguous in form) was intended only as an appearance for a co-defendant, if the plea as filed would have been sufficient to prevent a judgment by default against appellant, it will be treated as an appearance for him, and a judgment for plaintiff based thereon will be sustained.

FROM the circuit court of Lee county.
HON. LOCK E. HOUSTON, Judge.

On August 12, 1891, appellee instituted an action of assumpsit in the court below against R. G. Reading and J. S. Solomon. On August 12, 1891, process was returned by the sheriff of Lee county, executed as to Reading, and not found as to Solomon. Summons was also issued to Lauderdale county, which, on August 13, was returned executed as to the defendant, Solomon. On August 14, the following entry was made on the minutes of the court: " Came the parties by their at-

torneys, and, on application to the court, the defendant has, and is hereby given, leave to plead during this term."

On August 18, a plea was filed in the following words:

" Tupelo Compress Co.       And the said def't, by

         *v.*             att'y, comes and defends

R. G. Reading and J. S. Solomon.  the wrong, etc., and for

plea in this behalf says : .They did not undertake and promise in manner and form as the plaintiff hath alleged in their declaration, and of this they put themselves upon the country.

                           " J. L. Finley,

                                "*Att'y for Def't.*"

On February 15, 1892, the. record recites that the parties came, by their attorneys, and · that thereupon came a jury, which found for plaintiff, whereupon judgment was rendered against both defendants for $608 and costs. The defendant, Solomon, appeals. The only question considered by the court is, whether the · above-mentioned plea was an appearance for both defendants. It is not necessary to make any further statement of the case.

*Hamm, Witherspoon & Witherspoon*, for appellant.

Only one of the defendants obtained leave to plead, and the plea relied on as an appearance shows on its face that it was by only one defendant. This must refer to the one who had been served with a summons, and who had obtained leave to plead. The plea not only shows in the beginning that it is the plea of " the said def't," but is signed " J. L. Finley, att'y for def't." There is no significance in the fact that the plural form is used in the body of the plea. We confidently submit, therefore, that the record fails to show any appearance by the appellant, Solomon.

If the record leaves it doubtful as to which defendant appeared, the doubt must be resolved in favor of appellant. The court cannot presume that the defendant who obtained leave to plead, and who appeared, was Solomon, because such

a presumption would compel the court, in case Reading was trying to vacate the judgment, to presume that *he* was the defendant referred to. When the record is silent, the court may presume the facts necessary to uphold the judgment, but the court will not indulge in a presumption which would logically lead to a contradiction of the record.

*Allen & Robins*, for appellee.

The plea is that of both defendants. In it both are expressly named, and it is plural in form. Counsel on the other side, we fear, do not appreciate the learning, and especially the grammar learning, of the attorney who filed that plea. We are surprised that they contend that a plea containing so many plural pronouns and verbs could have been interposed by him for only one defendant. To charge that distinguished counsel would make such incorrect use of language, is to reflect upon the learning of the whole profession, and, if this court should sustain such charge, we believe it would bring on *war*.

It is immaterial that the learned attorney, in writing the plea, got tired before he finished it, and at the end used the abbreviation "def't" for defendants. It is too much to require a lawyer to write out every thing in full.

Aside from all this, it is established that where there are several defendants, and a plea is filed for a part of them, it must appear for whom; but, if the plea is plural in form, it will amount to an appearance for all the defendants, unless it otherwise affirmatively appears. *Jones* v. *Hunter*, 4 How. (Miss.), 342; *Henderson* v. *Hamer*, 5 *Ib.*, 525; *Miller* v. *Ewing*, 8 Smed. & M., 421; *Harris* v. *Gwin*, 10 *Ib.*, 563; *Schirling* v. *Scites*, 41 Miss., 644.

This plea shows affirmatively an appearance for both defendants.

CAMPBELL, C. J., delivered the opinion of the court.

If it be held that Solomon appeared and pleaded, no other

question need be considered. That the plea put in must be held an appearance for Solomon we have no doubt. If judgment by default had been given against Solomon, and he had appealed from that, it would certainly be held that the judgment was wrong.

*Affirmed.*