# WEISS, Respondent, v. COUDREY et al., Appellants.

### St. Louis Court of Appeals, October 20, 1903.

1. **Infants: APPOINTMENT OF GUARDIAN.** Under Revised Statutes 1899, sections 558, 3929, the procedure to be pursued when an infant is sued, either before a justice of the peace or in the circuit court, is the appointment of a guardian to represent him, and after service of process, the cause can not regularly progress until the appointment is made.

2. ———: NOT A QUESTION FOR JURY: VOIDABLE JUDGMENT. When an infant moves for a guardian on the ground of his minority, it becomes the duty of the justice to grant his request instead of referring to a jury the question of his non-age; and the judgment rendered upon such irregular procedure is voidable in a direct proceeding for that purpose.

3. ———: PROCEEDING TO SET ASIDE JUDGMENT: DIRECT ATTACK. A proceeding in a circuit court to set aside a judgment of a justice court against an infant, brought only against the plaintiff in the original action, is a direct attack on such judgment.

4. ———: JUDGMENT AGAINST, SET ASIDE WHEN GUARDIAN NOT APPOINTED. A judgment rendered against an infant in disregard of the statutes requiring a guardian to be appointed for him, ought to be annulled by proof of that fact alone, and without showing a meritorious defense.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer,* Judge.

AFFIRMED.

*Robert A. Holland, Jr.,* for appellant.

The court had no jurisdiction to grant the equitable relief sought, to-wit, to nullify the said judgment before the justice of the peace, and to enjoin the collection of

the same. If the justice erred in refusing to appoint a next friend upon the petition of the defendant, the defendant had an adequate remedy at law, and the proper course to pursue was to take an appeal from the judgment of the justice. Lemon v. Sweeney, 6 Ill. App. 507; Spelling on Extraordinary Remedies, paragraphs 109-124; High on Injunctions (3 Ed.), secs. 170-173; Drake v. Hanshaw, 47 Ia. 291; Meyer v. Davis, 47 Ia. 323; Truesdale v. McCormick, 126 Mo. 39; Jeffrie v. Robideaux, 3 Mo. 24; Millard v. Marmon, 116 Ill. 649; Eisenmeyer v. Murphy, 42 Minn. 84; Child v. Shannon, 16 Mo. 33; Bailey v. McGinness, 57 Mo. 62; Brackett v. Brackett, 53 Mo. 265; Rees v. McDonnell, 115 Mo. 145; Railroad v. Lander, 59 Mo. App. 3.

*Bass & Brock* for respondent.

(1) When a judgment is rendered against a minor by a justice of the peace without the appointment of a guardian *ad litem,* the same may be set aside by direct proceedings instituted for that purpose in the nature of *audita querela,* as in this case. Charley v. Kelley, 120 Mo. 134; Townsend v. Cox, 45 Mo. 402; Powell v. Gott, 13 Mo. 460; Neenan v. St. Louis, 126 Mo. 89; Starbird v. Moore, 21 Vt. 529; Judd v. Downing, 1 Brayt. 27. (2) The minor in such a case has no other remedy at law, for until a guardian *ad litem* is appointed, the minor can not act for himself or by attorney for the purposes of appeal or take any action to remedy the error in fact, and a writ of error would not lie from the judgment of a justice of the peace, nor can the same be set aside by a direct proceeding before the justice; an infant can not be guilty of laches. Ware v. Brush, 1 McLean 553; Sheppard v. Hibbard, 19 Wend. 96; Art. 12, sec. 835, R. S. 1899; Matson v. Dickerson, 3 Mo. 239; Crow v. Weidner, 36 Mo. 413; Art. 7, secs. 3925, 3928 and 3929, R. S. 1899; Starbird v. Moore, 21 Mo. App. 529; Gamache v. Prevost, 71 Mo. 84: Garesche v.

Gambs, 3 Mo. App. 572; Jeffrie v. Robideaux, 3 Mo. 33; Gibson v. Chouteau, 39 Mo. 536; Young v. Downey, 150 Mo. 317.

GOODE, J.—The purpose of this action is to vacate a judgment obtained by the defendants against the plaintiff before a justice of the peace, and to restrain its enforcement meanwhile by the garnishment of the plaintiff's employer, which was about to be done. The action in which the judgment was entered was instituted by H. M. Coudrey and W. S. Scott before R. B. Haughton, a justice of the peace of St. Louis, on a note for seventy dollars. Weiss was served, appeared by counsel and filed a motion for the appointment of a guardian *ad litem*. The plaintiffs in the action then took a change of venue to another justice of the peace, J. J. Spaulding. The motion filed by Weiss recited that he was a minor and prayed the appointment of a guardian, but neither magistrate granted the prayer and justice Spaulding tried the case and rendered judgment against Weiss for the amount of the note and costs without the appointment of any one to represent him.

No appeal was taken from that judgment, but this proceeding was instituted in the circuit court to annul it.

On the trial of the present case evidence was given that at the trial of the case before the justice, the issue of whether the plaintiff was a minor or of full age was tried and resulted in a finding that he was of age. ·

The evidence proves positively that Weiss was less than twenty-one years old when the defendants got judgment against him, but he was near that age.

The circuit court vacated the judgment of the justice of the peace as prayed and defendants appealed. Their position is that if the justice was wrong in refusing to appoint a guardian for Weiss and in proceeding with the case against him without one, Weiss had a per-

fect remedy by appeal and can not seek relief by an independent attack on the judgment.

Minor defendants are denied by statute the privilege which other persons have of appearing and defending actions in person or by agent or attorney. R. S. 1899, sec. 3928. The procedure to be pursued when an infant is sued, either before a justice of the peace or in the circuit court, is the appointment of a guardian to represent him, and after service of process the cause can not regularly progress farther until the appointment is made. R. S. 1899, secs. 558, 3929. When Weiss moved for a guardian on the ground of his minority, it became the duty of the justice to grant his request instead of referring to a jury the issue of his non-age; and the judgment which ensued upon the irregular procedure is voidable in a direct proceeding instituted for that purpose. Garesché v. Gambs, 3 Mo. App. 572; Gamache v. Prevost, 71 Mo. 84; Neenan v. St. Joseph, 126 Mo. 89. When such a judgment is given by a court of record, the fact of minority being overlooked, the common practice in this State is to proceed for its annulment by motion *coram nobis* in the court which rendered it. Neenan v. St. Joseph, supra. That practice is not applicable to a justice's court and some other must be used.

It is necessary that the method of attack be direct and not collateral, and defendants contend that this proceeding is collateral. We think otherwise. The proceeding is similar to the common-law remedy of *audita querela,* which is as much a direct impeachment of a judgment as an appeal, writ of error, or motion *coram nobis.* Van Fleet, Collateral Attack, sec. 2; Starbird v. Moore, 21 Vt. 529. Moreover, the only purpose of the case is to set aside the justice's judgment and it is against the plaintiffs in the original action, no bona fide rights of other persons having arisen. Those are the elements of a direct attack. Van Fleet, Col. Attack, secs. 2 and 3, and notes; Morrill v. Morrill, 20 Or. 96.

The opinion in Truesdale v. McCormick, 126 Mo. 39, is said to show this impeachment is collateral. That case was one brought by a married woman to set aside a decree cancelling a conveyance of land to her, and the relief was prayed on the score that she was covert when it was rendered. The opinion holds that by the Missouri statutes in force at the date of the decree she was authorized to defend by attorney without a next friend; also that an equity court had power to decree a divestiture of title out of a married woman in a suit against her personally. But the statutes relating to minors explicitly deny them the right of defending causes in person or by attorney, and forbid any step forward beyond service of process, in litigation against one, until a guardian is named to act for him. We doubt whether Weiss could have appealed; for, aside from the statutory denial of the right to personally defend, how could he make a bond while under age? He is certainly entitled to redress in a direct proceeding, as all the cases hold. Charley v. Kelley, 120 Mo. 134; Bailey v. McGinnis, 57 Mo. 362; Townsend v. Cox, 45 Mo. 402; Powell v. Gott, 13 Mo. 460.

The point is raised that the petition has no allegation of a meritorious defense to the defendant's demand, which a party must make in order to vacate a judgment for fraud or mistake. The restraint laid on proceedings against infants until the court sees they are represented by an adult, is so imperative, that a judgment obtained in disregard of the statutes ought to be annulled on proof of that fact alone. Neenan v. St. Joseph, Starbird v. Moore, supra.

The judgment of the circuit court is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.