STATE ex rel. FLENTGE, etc., Respondent, v. GAWRONSKI et al., Appellants.

**St. Louis Court of Appeals, February 7, 1905.**

1. **INFANTS: Guardian Ad Litem.** After the commencement of a suit against an infant and service of process on him, the suit should not proceed further until a guardian is appointed to represent him.

2. ———: ———: **Motion to Set Aside Judgment.** Where a judgment had been rendered against a minor, charging his land with delinquent taxes, without the appointment of a guardian *ad litem,* his motion to set aside the judgment was the proper remedy and should have been sustained.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED (*with directions*).

*Robert L. Wilson* for appellant.

*John A. Hope* for respondent.

GOODE, J.—This is an action for delinquent taxes due on a lot in the city of Cape Girardeau. John Gawronski owned a life estate in the lot and Flora Gawronski the remainder over. The action for taxes was instituted in October, 1899, returnable to the January term of the circuit court. John Gawronski was served in Cape Girardeau and Flora in the city of St. Louis. The defendant, Flora Gawronski, is a minor. Judgment was rendered against both defendants at the January term of the court, it seems without an answer having been filed by either. The minor had no guardian or curator, nor was a guardian *ad litem* appointed by the Cape Girardeau Circuit Court to represent her in the action. An execution was issued on the judgment, returnable to the May term of the circuit court and the interests of the two defendants

in the lot were levied on and advertised to be sold on the 11th day of May. The minor Flora filed a motion on May 7 to quash the execution, stating as a ground that she was under fifteen years of age when summoned in the case and at that time had no guardian or curator and no guardian *ad litem* was appointed to represent her. Proof was taken on the motion which showed said defendant was a child ten or twelve years old and that the facts stated in the motion were true. However, the motion was overruled. Two days later, May 9, Flora Gawronski appeared by James M. Morrison, who a day or two before had been appointed guardian of her person and curator of her estate, and filed a motion to set aside and vacate the judgment for taxes as to her on the ground previously stated. Evidence was taken on that motion, establishing the truth of the ground alleged, but it was overruled, an exception saved and an appeal taken.

Only the interest of the adult defendant, John Gawronski, was sold by the sheriff under the execution May 11, and the purchaser of this interest subsequently reconveyed it to Gawronski for a consideration which prevented the latter from suffering any loss by the tax sale.

The question for decision is whether the court erred in overruling the motion of Flora Gawronski (the appellant) to set aside the judgment as to her. There can be no doubt on this point, as our statute is imperative that after the commencement of a suit against an infant and service of process on him, the suit shall proceed no further until a guardian is appointed to represent him. [R. S. 1899, sec. 558.] This motion properly presented the question for determination. [Ex Parte Taylor, 11 Mo. 661.] The case is precisely like that of Neenan v. City of St. Joseph, 126 Mo. 89, 28 S. W. 963. In that case a judgment for taxes on certain premises in the city of St. Joseph had been rendered against a minor defendant without the

appointment of a guardian *ad litem,* and he moved to set aside the judgment as to him. His prayer was granted.

The judgment of the court below is reversed and the cause remanded with the direction to set aside the judgment for taxes as to Flora Gawronski.

All concur.