The petition is drawn under Section 1970, Revised Statutes 1919. The purpose of the proceeding is to quiet title to land in Linn County. No equities are set up in either the petition or answer. The case was tried to the court sitting as a jury. No declarations of law were asked or given.
It is stipulated that Eliza J. Hornbeck is the common source of title. She acquired the land in 1874. In 1880 she died intestate. She was survived by her husband, Isaac, and by six children, the plaintiffs Martha J. Little and Alice II. Reynolds and defendants John Hornbeck, Frank Hornbeck, Mary Young Zimmerman and Elizabeth Sherwood. In 1882 Mary J. Malloy bought the interest *Page 280 
of Frank Hornbeck at sheriff's sale. May 5, 1883, Mary J. Malloy and her husband, P.B. Malloy, commenced suit in the Linn Circuit Court to partition the remainder subject to the curtesy of Isaac J. Hornbeck. The latter and the five children, other than Frank, were named as defendants. On May 12, 1883, summons was issued to the sheriff of Livingston County for Mary A. Young and Nathaniel Young, her husband, and for Martha J. Hornback. The return, under date of May 14, 1883, shows service on Nathaniel Young, Mary A. Young and Martha J. Hornback. Summons was issued May 12, 1883, to the sheriff of Linn County for Isaac Hornback, and a return appears thereon, under date of May 18, 1883. At the June term, 1883, the Circuit Court of Linn County entered an order giving leave to answer. The decree was entered on December 15, 1883. It recites: "Now come plaintiffs by attorney, and the defendants having appeared at the last term of court and taken leave to file answer herein, say nothing further in bar of plaintiff's action." The court then entered its decree to the effect that plaintiff Mary J. Malloy and the five defendant children of Elizabeth Hornbeck owned the remainder in the land subject to the life estate of Isaac Hornbeck, and ordered the remainder interest sold and the proceeds distributed in accordance with its finding as to the title. The sale was made in due time and reported and the money paid into court. The sheriff's deed to Mary J. Malloy, II. K. West and A.W. Mullins was acknowledged in open court June 30, 1884. The same persons, in August, 1884, bought the interest of Isaac Hornbeck at sheriff's sale. West and Mullins acquired Mrs. Malloy's interest, and in 1887 conveyed by warranty deed to Craig, whose title respondent Vida C. Browning now has, through mesne conveyances.
There was evidence that Mrs. Malloy, West and Mullins, upon their purchase, went into immediate possession; that they and their grantees have been in "the open, notorious, adverse and exclusive possession of the land ever since, claiming to own the same, paying taxes and making valuable improvements thereon." There was conflicting *Page 281 
testimony concerning the ages which appellants had attained in 1883. There is substantial evidence that Martha J. was born November 12, 1865, and that Alice was born in June, 1867. This is the evidence relied upon by respondents. In the circumstances, it will be assumed in support of the judgment that the trial court so found the facts.
I. Respondents concede the life estate of Isaac Hornbeck, which fell in in 1907, prevented the Statute of Limitations from beginning to run time to bar this action, which was begun in 1916. [Reed v. Lowe, 163 Mo. l.c. 535.]
II. It is contended the court had no jurisdiction of appellants in the partition suit.
(1) (a) There was service upon Mrs. Little. While the summons and return give her name as Martha J. Hornback, though her name was then Hornbeck, she was called upon to take cognizance of it. The judgment is not void because her name wasProcess: mispelled. [Turner v. Gregory, 151 Mo. l.c. 103;Idem Corrigan v. Schmidt, 126 Mo. l.c. 311; Martin v.Sonans. Barron, 37 Mo. 301.] The names Hornbeck and Hornback are idem sonans. This rule applies if the attentive ear finds difficulty in distinguishing the names when pronounced. [Simonson v. Dolan, 114 Mo. l.c. 179; Heberling v. Moudy, 247 Mo. l.c. 541.] The accent is upon the first syllable of both Hornbeck and Hornback and the resultant remission, lack or weakening of stress upon the final syllable in each name modifies the sound of both the a and e in those syllables toward a neutral sound. This is formulated into a rule of pronunciation by lexicographers which is derived from common practice and common knowledge. The similarity in sound between a and e, even in accented syllables, has been held sufficient to justify holding names idem sonans. [Bergman's Appeal, 88 Pa. St. l.c. 123; State v. Bean,19 Vt. 532.]
(b) Martha J. was not of age when the partition suit was begun. She had no general guardian and no *Page 282 
guardian ad litem was appointed for her. Nevertheless, even if it could be conceded she remained a minor untilInfancy: judgment was rendered, the service upon her gave theJudgments. court jurisdiction to proceed; and the omission to appoint a guardian ad litem, while erroneous, does not subject the judgment to collateral attack. [Charley v. Kelley, 120 Mo. l.c. 143, 144, and cases cited; Reineman v. Larkin, 222 Mo. l.c. 171, 172; Townsend v. Cox, 45 Mo. l.c. 403, 404; Bailey Woods v. McGinnis, 57 Mo. l.c. 373, 374; Cochran v. Thomas, 131 Mo. l.c. 275, 276.]
(2) The judgment roll, files and records in the partition suit were put in evidence. The abstract shows that everything in that case was offered in this. It is stated, in effect, that the offerings included the summonses issued, theJudgment: service upon defendants and the entire record inAppearance the case. The judgment in that case does not reciteby Attorney. that service was had but, on its face, proceeds upon a recital that defendants had previously appeared. It shows Mrs. Reynolds did not appear at the trial. There was no summons issued for Mrs. Reynolds (then Hornbeck) and no service was had upon her. Three other defendants had been served. An effort at service upon a fourth had been made. Respondents contend appellant Alice appeared June 8, 1883, by her attorney, and took leave to file answer and thereby waived objections to lack of service. The record in the partition suit shows that on June 8, 1883, the following entry was made: "P.B. Malloy et al. v. Isaac Hornbeck et al. Now come the defendants by attorney and move the court to file answer in ninety days, which is granted and the cause continued." The judgment was entered under a caption giving the names of plaintiffs and of all of the defendants. It recited: "Now come the plaintiffs by attorney, and the defendants having appeared at the last term of the court and taken leave to file answer herein," etc. Respondents' position is that these entries show such an appearance by Alice Hornbeck as to render the judgment *Page 283 
invulnerable to collateral attack. The question is not new in this court. In Bell v. Brinkman, 123 Mo. 270, this Court in Banc, had before it a record in which the party defending the former judgment was in a position resembling that of respondents here. In that case it appeared that some defendants had been served and some had not, that leave had been granted to answer, and that the assailed judgment, under a caption which named all the parties, recited that "At this day come the said parties, by their respective attorneys," etc. This court held the leave to answer in question had been granted by the court ex mero motu and constituted no evidence of an appearance by unserved defendants; and that the recital in the judgment as to the appearance of defendant must be confined to "such of the parties as it appears from the roll the court had acquired jurisdiction over, the parties plaintiff who have brought the suit, and the parties defendant who had been brought into court by process." There were ten defendants in that case. Two had been served. The rule is equally applicable to the order with respect to leave to answer in the partition suit involved in this case. The judgment recital refers to and is based upon that order. In Mullins v. Rieger,169 Mo. 521, this Division reached similar conclusion in a similar case, and that decision was followed in Barron v. Cooperage Co., 185 Mo. App. l.c. 634, 635. The rule of these cases is said in 2 Ency. of Pl. Pr. p. 600, to be supported by "the better considered cases and the probable weight of authority." The decisions bear this out. [Foster v. Hall, 2 J.J. Marsh, 546; Violet v. Waters, 1 J.J. Marsh, 303; Crump v. Bennett, 2 Litt. l.c. 214; Moores v. Parker, 3 Litt. l.c. 268; Phelps v. Brewer, 9 Cush. 390; Hubbard v. Dubois, 37 Vt. l.c. 97; Edwards v. Toomer, 14 Smed. M. l.c. 80; Dawson v. Bridges, 19 Ill. App. 280; Correll v. Greider, 245 Ill. 378; McCall v. Lesher, 7 Ill. l.c. 48, 49; Gardner v. Hall, 29 Ill. 277; Barker v. Shepard,42 Miss. 277; Kite v. Bonafield, 3 G. Greene, l.c. 199, 200; Rhoades v. Delaney, 50 Ind. l.c. 470, 471; Anderson v. Sloan, 1 *Page 284 
Colo. l.c. 488; Gargan v. School Dist., 4 Colo. l.c. 57; Chester v. Miller, 13 Cal. l.c. 561; Davis v. Whittaker, 38 Ark. l.c. 438; Snow v. Grace, 25 Ark. l.c. 572; Bank v. Bank, 171 Ind. l.c. 332; Dougherty v. Shown, 1 Heisk 302.] Rulings that a pleading or motion filed or made for "defendants," when there are but two and but one of these is served, contitutes an appearance for all (McCreary v. Jones, 96 Ala. l.c. 594; Frazier v. Resor, 23 Ill. l.c. 89; Solomon v. Tupelo Compress, 70 Miss. 822; Abbott v. Semple, 25 Ill. 107), decide a different question in that they seem to be based upon the view that the word "defendants" will be construed to include both defendants in order to explain the use of the plural number.
For a like reason a case in which only one of several defendants has been served and an appearance is made for "the defendants," such as Beal v. Harrington, 116 Ill. l.c. 119, 120, is distinguishable. In Kerr v. Swallow, 33 Ill. l.c. 380, the same rule was applied to defendants, none of whom had been served.
A rule contrary to that in Bell v. Brinkman, supra, and like cases was applied in Ely v. Tallman, 14 Wis. 28; Kenyon v. Shreck, 52 Ill. l.c. 384; Hunt's Heirs v. Ellison's Heir, 32 Ala. l.c. 181, et seq.; Cole v. Johnson, 53 Miss. l.c. 97; Seedhouse v. Broward, 34 Fla. l.c. 520; Sullivan v. Sullivan, 42 Ill. 315.
In no case, however, do we find it held that a person non suijuris, who has not been served, is brought in by such recitals as were held good as to persons sui juris in the cases last cited. In fact, it is indicated (Hunt's Heirs v. Ellison's Heirs, supra) that the rule is applicable only to persons sui juris. Alice Hornbeck was a minor. Her capacity to act for herself was limited. We are of opinion she is not shown to have appeared.
III. This disposes of the questions raised by counsel. It results that the judgment is affirmed as to Martha J. Little, and is reversed and the cause remanded as to Alice Reynolds. All concur. *Page 285