MILDRED OLSEN, RESPONDENT, v. EAST SIDE PACKING COMPANY, A
CORPORATION, AND HENRY PFEFFLE, JUSTICE OF THE PEACE, SEC-
OND DISTRICT, CITY OF ST. LOUIS, MISSOURI, APPELLANT.*

St. Louis Court of Appeals. Opinion filed March 6, 1928.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 213, n. 48;
Infants, 31CJ, p. 987, n. 27; p. 1122, n. 3; p. 1129, n. 63; p. 1173, n. 70.

*John V. Lee* and *Frank Lee* for appellant, East Side Packing Com-
pany.

*George P. Burleigh* for respondent.

NIPPER, J.—This is a suit to enjoin the enforcement of a judgment of a justice of the peace. No bill of exceptions having been filed, there is nothing for review except the record proper. Plaintiff, who is respondent here, filed her motion to dismiss the appeal because of the failure of the defendants to file their bill of exceptions. The motion to dismiss the appeal is overruled, as defendants are entitled to have the case reviewed on the record proper. The injunction is sought on the ground that plaintiff was a minor at the time the judgment was rendered against her.

The petition alleges that judgment was rendered against plaintiff in favor of the East Side Packing Company on December 15, 1925, and that at that time she was a minor of the age of twenty years, and that no guardian *ad litem* was ever appointed by said justice, before whom the suit was brought, as provided for by the Statutes of Missouri; that she was an infant; that garnishment proceedings were instituted before the defendant, Henry Pfeffle, Justice of the Peace, looking toward the collection of this judgment out of her wages.

The defendant, East Side Packing Company, filed a separate answer, admitting the rendition of the judgment against the plaintiff, and denied the other allegations in the petition. The court granted an injunction enjoining the defendants from proceeding further toward the collection of the judgment, and an appeal was then taken to this court.

The sole question here on appeal is whether or not the pleadings will support the judgment rendered, or to state it in another way, it becomes only necessary to determine whether or not it was necessary for the justice of the peace to appoint a guardian *ad litem* for plaintiff, a woman of the age of twenty years, and whether or not a judg-

ment would be voidable rendered against such person without the appointment of a guardian *ad litem.*

While in some jurisdictions it has been held that a judgment obtained against a minor, not represented by a guardian *ad litem,* is absolutely void and subject to collateral attack, the law in this State is that a judgment rendered against an infant who was not represented by a guardian *ad litem,* is merely voidable, and may be nullified in a direct proceeding for that purpose. We think the injunction proceeding would be the proper remedy, and in fact, about the only remedy plaintiff could avail herself of under the facts of this case. Defendant cites the case of Audsley v. Hall, 303 Mo. 451, 261 S. W. 117, as authority for the proposition that as plaintiff was twenty years of age at the time judgment was rendered, it was not necessary to appoint a guardian *ad litem* to represent her. The old statute (Sec. 370, R. S. 1919) has been repealed and a new section enacted since the decision in that case, and plaintiff was a minor until she was twenty-one years of age. [Laws of 1921, p. 399.]

The appellant also urges that a judgment cannot be impeached or set aside by plaintiff merely on the ground that she is an infant. Plaintiff is not attacking this judgment merely on the ground that she was an infant, but on the ground that she being an infant, was not represented by a guardian *ad litem.* The judgment against plaintiff seems to have been obtained in total disregard of the positive terms of the statute, and the judgment of the circuit court in granting the injunction was evidently proper. [Weiss v. Coudrey, 102 Mo. App. 65, 76 S. W. 730.] The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker, J.,* concur.