STATE OF MISSOURI at the relation and to the use of L. D. MARLOWE, Collector of the Revenue of New Madrid County, Defendant in Error, v. GERTIE NOLAN, IMOGENE NOLAN, Minor; GERTIE NOLAN, Guardian and Mother of IMOGENE NOLAN; FEDERAL LAND BANK, and LITTLE RIVER DRAINAGE DISTRICT, Defendants, IMOGENE KNIGHT, NEE NOLAN, Plaintiff in Error.—146 S. W. (2d) 598.

Division One, January 4, 1941.

*R. W. Hawkins* and *N. C. Hawkins* for plaintiff in error.

BRADLEY, C.—Writ of error to the Circuit Court of New Madrid County. From the return we ascertain that on July 29, 1929, the collector of New Madrid County, to enforce the State's lien for real estate taxes for 1926 and 1927, on three separate tracts of land, filed suit against Gertie Nolan, Imogene Nolan, a minor, Federal Land Bank, and Little River Drainage District. Service was had, and on October 15, 1929, judgment by default was taken as to all

defendants for $315.96 plus costs, and the judgment was made a special lien on the land as described in the petition. Special execution was issued and the land, as described, was sold January 27, 1930, to Opal Baskin for $200, and sheriff's deed was made and acknowledged.

July 17, 1939, Imogene Knight (Imogene Nolan) filed here petition in this court for writ of error, and the writ issued same day. The return, a certified copy of the proceedings in the tax suit, was filed July 25, 1939. Notice of the writ required by Sec. 1051, R. S. 1929, 2 Ann. Stat., p. 1335, was served on the collector and county clerk of New Madrid County, and notice was acknowledged by Opal Baskin and by the tax attorney for the collector (Marlowe) at the time the tax suit was filed and when judgment therein was taken.

■ Our jurisdiction is not challenged, but it is our duty, nevertheless, to determine such question when it occurs. [State ex rel. Martin v. Childress, 345 Mo. 495, 134 S. W. (2d) l. c. 138.] As stated, judgment in the tax suit went by default. The writ of error brought up the record proper. It was stated in the petition, in the tax suit, that the three tracts of land involved were in Sec. 19, Twp. 23, R. 12, New Madrid County, Missouri, and these were described respectively as follows: Tract No. 1, "north half of the southeast quarter;" Tract No. 2, "*north part* of the southwest quarter of the southeast quarter;" Tract No. 3, "*north part* of the southeast quarter of the southeast quarter." (Italics ours.) The description in the judgment is to the same effect. The Supreme Court has jurisdiction of appeals and writs of error "in cases involving the construction of the revenue laws of this State." Section 12, Art. 6, Constitution, and one ground of attack upon the validity of the tax suit judgment is the *description* of tracts 1 and 2. It is alleged in the tax suit petition that the assessor for the years involved assessed the amount against each tract, made out the assessor's book, and entered thereon "the said above described tracts of land," etc. The various steps taken to get the land on the tax books were alleged, but it is not necessary to set out in detail. State ex rel. Martin v. Childress, supra, was an action by a county collector to enjoin the moving of a house from a half acre tract of land upon which there were taxes due and unpaid. The trial court made the temporary injunction permanent and defendant appealed to this court. It was contended that the description, a "part of NW¼ NW¼, Sec. 23, Twp. 27, Range 17" was not sufficient to support assessment for taxes. Such being an issue, we held that jurisdiction of the appeal was in the Supreme Court because the construction of the revenue laws was involved, and we so rule in the present case.

■ "The suing out of a writ of error is the commencement of a new suit to annul and set aside the judgment of the court below and is not a continuation of the suit below to which it relates."

[Winchester et al. v. Winn et al., 225 Mo. App. 288, 29 S. W. (2d) 188, 1. c. 190, and cases there cited. See also Spotts et al. v. Spotts et al., 331 Mo. 917, 55 S. W. (2d) 977, 1. c. 980.] Although a new suit, petitioner styled the case same as the case below was styled, except she designated the plaintiff below as defendant in error and designated herself, a defendant below, as plaintiff in error.

"Writs of error upon any final judgment or decision of any circuit court, or other court of record having concurrent jurisdiction with the circuit court, in all cases, are writs of rights," Sec. 1034, R. S. 1929, 2 Ann. Stat., p. 1327, but the suit commenced by writ of error "must contain, on its face, the evidence of the right of the plaintiff in error to a review." [Fidelity Trust Co. v. Mexico, S. F. & P. Traction Co., 270 Mo. 487, 194 S. W. 52, 1. c. 54.] And "if there be several persons against whom any judgment shall have been recovered and entitled to bring a writ of error thereon, living at the time of bringing such writ, they shall all join in such writ, except where it is otherwise provided by law; and if any are omitted, the writ shall be quashed on motion of the defendant in error, made at any time before submission upon due proof of the facts by affidavits, unless one or more of such persons be allowed to proceed by the supreme court or courts of appeals." [Sec. 1038, R. S. 1929, 2 Ann. Stat., p. 1331.] Only Imogene, of the defendants in the tax suit, petitioned for the writ, but as a reason for not joining the other defendants she alleges "that each of the other defendants was *sui juris* and was duly served with summons and did not appeal and cannot do so now, and also each of the other defendants has parted with its interest in the lands and is no longer concerned." No appearance has been made here by any of the parties to the tax suit except, of course, Imogene, plaintiff in error.

"All writs of error upon any judgment or decision of any court in any case, whether civil or criminal, shall be brought within one year after the rendering of such judgment or decision, and not thereafter; but persons within the age of twenty-one years shall be allowed to bring their writs of error in civil cases within three years after such disability is removed." [Sec. 1036, R. S. 1929, 2 Ann. Stat., p. 1330.]

Nine years, nine months and two days elapsed from the date of judgment until the issue of the writ of error. There was no pleading, no finding, nothing to show the age of plaintiff in error at any step in the tax suit. She was referred to in the caption of the tax suit petition, caption of the judgment, in the summons, etc., as a minor, and that is all. Hence there is nothing in the record of the tax suit to show that plaintiff in error sued out the writ within three years after she became twenty-one years of age. But to show that she was entitled to the writ so far as concerned the question of limitation she alleged in her verified petition for the writ that she was born September 4, 1915, and she filed

here a certified copy of her birth certificate showing that she was born at Parma, New Madrid County, Missouri, on September 4, 1915, and the affidavit of her mother to the same effect. In the absence of any denial as to her age, we shall consider that plaintiff in error was born September 4, 1915, and that she sued out the writ within three years after she became twenty-one.

Plaintiff in error makes only two assignments, viz.: (1) That the judgment is void as to her because there was no guardian *ad litem* appointed for her; and (2) that the description of tracts 2 and 3 is too indefinite to support a valid judgment for taxes.

The certificate of the clerk to the return certifies that he sent up "a full, true, and complete transcript of the record and proceedings" in the tax suit, and it does not appear therein that a guardian *ad litem* was appointed for plaintiff in error. Gertie Nolan, a defendant in the tax suit, was referred to in the caption of the petition as the "guardian and mother" of Imogene. Other than this vague reference, which was repeated in the summons, in the caption of the judgment, in the execution, etc., there is nothing in the record of the tax suit as to a guardian. The tax attorney who drew the petition probably had in mind that Gertie Nolan was the mother and natural guardian of Imogene. But, whatever was meant, no guardian answered for Imogene.

"After the commencement of a suit against an infant defendant, and the service of process upon him, the suit shall not be prosecuted any further until a guardian for such infant be appointed." [Sec. 716, R. S. 1929, 2 Ann. Stat., p. 926.] No guardian *ad litem* having been appointed for plaintiff in error, the judgment as to her was without authority. [Sec. 716, supra; State ex rel. Flentge v. Gawronski, 110 Mo. App. 414, 85 S. W. 126; Neenan v. City of St. Joseph, 126 Mo. 89, 28 S. W. 963; Lehew et al. v. Brummell et al., 103 Mo. 546, l. c. 553, 15 S. W. 765; Wells v. Wells et al., 144 Mo. 198, l. c. 201, 45 S. W. 1095; State v. Schilb et al. (Mo. App.), 285 S. W. 748, l. c. 750.]

Is the description of tracts 1 and 2 sufficient to support the judgment as to these tracts? Clearly it is not. We considered a like question somewhat at length in State ex rel. Martin v. Childress, supra, and it is not necessary to repeat here.

The judgment in the tax suit as to plaintiff in error should be reversed and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.