**Sharon Lee ROCK, a minor, by her next friend and mother, Mrs. Evelyn F. Rock, Plaintiff,**

v.

**Jack Lee MANTHEI, by his guardian ad litem, Albert Manthei, Defendant.**

**Civ. A. No. 9580.**

United States District Court
W. D. Missouri, W. D.

March 19, 1955.

770

RIDGE, District Judge.

Action begun in the state court by the next friend of minor automobile passenger against minor driver for personal injuries sustained in a collision with the rear end of another automobile.

Pursuant to the Missouri Non-Resident Motorist Statute, MoRS 1949, Section 506.200 et seq., V.A.M.S., service was had upon the minor defendant by serving a copy of the complaint and summons on the Secretary of State. Thereupon, the defendant, before answering, removed the action to this Court. Several days later, the defendant filed in this Court and was granted a request for the appointment of his father as guardian ad litem for the defense of this action. Plaintiff now, by way of a motion to remand, contends that such removal was improper, contending that under the law of Missouri neither the infant, nor the father until after he had been formally appointed, had the capacity to remove.

Even under the law of Missouri, which as noted below does not control, we doubt the merit of plaintiff's position. Under the Missouri Statute, MoRS 1949, Sections 507.190 and 507.200, a guardian ad litem is to be appointed to represent the interests of a minor defendant after service and before answer, "the suit shall not be prosecuted any further" until such appointment is made. What, however, is the effect of a failure to make the appointment at such time? It constitutes a mere irregularity which may be cured at any time before a judgment is entered against a minor. Missouri Pacific Railroad Co. v. McCarty, 97 Mo. 214, 11 S.W. 52; Galbraith v. Pennington, 184 Mo.App. 618, 170 S.W. 668; Graden v. Patrick, Mo.App., 162 S.W.2d 287. Even if the action proceed to a final judgment, such judgment is not described as void, but only voidable, under Missouri law. Cox v. Wrinkle, Mo.Sup., 267 S.W.2d 648; Charley v. Kelley, 120 Mo. 134, 25 S.W. 571; Olsen v. East Side Packing Co., 221 Mo.App. 290, 3 S.W.2d 281.

————◆————

Copaken & Copaken, Kansas City, Mo., for plaintiff.

Shughart & Thomson, Kansas City, Mo., for defendant.

Being only voidable, the proceedings are only affected upon evidence of the minor's desire to avoid them and upon a showing that his rights have in some way been prejudiced. The present attack is not made by the minor, who is apparently satisfied with the protection his father afforded. The time for him to answer had not arrived; and no showing of prejudice to the minor whose interests we are to protect has been made. Accordingly, even under the law of Missouri, we would only be concerned with a curable procedural defect—since cured.

The above discussion is, however, purely academic for it is not the state but the federal law to which we look for guidance in this matter. We are not concerned here with the question of the capacity of the parties to sue or be sued which, as plaintiff suggests, is under Rule 17(b), Fed.Rules Civ.Proc., 28 U.S. C.A., controlled by state law; but with a question of the right to remove under the federal statute. 28 U.S.C.A. § 1441. Such question is controlled by federal, rather than state, law. Stoll v. Hawkeye Casualty Ins. Co., 8 Cir., 185 F.2d 96, 22 A.L.R.2d 899.

The only federal decision directly in point is that of the Tenth Circuit Court of Appeals, in Stewart v. Ferer, 163 F.2d 183, 185, a case closely akin to the present facts in all respects. There also the case had been removed by the infant defendant, prior to the appointment of a guardian ad litem for him, and the plaintiff moved to remand for the same reason here urged. The Court held that under a similar Oklahoma Statute this was a mere irregularity which could be subsequently cured, citing among others the Missouri cases noted above; that in any event the state statute could not infringe upon the federal right to removal; and that, "there is nothing in the language of the (removal) statutes or in their background which indicates remotely a Congressional purpose to limit the right (of removal) to defendants who are adults and to exclude those who are minors." The Court went on, and we agree, to note that the only other federal decision, Woolridge v. McKenna, C.C.Tenn., 8 F. 650, was not in point, since the infant defendant there had not been served and thus was not, regardless of his years, a party to the action at the time of removal.

We believe that the reasoning of the Stewart case is fully persuasive. We see no reason why, in absence of a showing of any prejudice to the minor, the present removal should be invalidated because of a technical irregularity, since cured.

The present removal statutes do not prescribe that a petition and bond for removal be in any particular form. So long as the petition is verified and contains "a short and plain statement of the facts which entitle" a defendant to remove, it is a sufficient pleading. Under Rule 11, F.R.C.P., "every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name." In light of that and the other provisions of such rule, we have no hesitancy in holding that a petition for removal may be verified by oath or affirmation of an attorney. Cf. Duvall v. Wabash Ry. Co., D.C., 9 F.2d 83. As for the bond to be executed on removal, so long as it is executed by a good and sufficient surety it is sufficient. Cf. Fayette Title & Trust Co. v. Maryland, etc., Co., C.C., 180 F. 928. Even if the bond be defective, it does not defeat removal, as the defect is subject to correction. National Quicksilver Corp. v. World Ins. Co. of Omaha, 8 Cir., 139 F.2d 1; Tucker v. Kerner, 7 Cir., 186 F. 2d 79, 23 A.L.R.2d 1027.

Accordingly, plaintiff's motion to remand is denied.

It is so ordered.