Lillie MORGAN, Plaintiff-Respondent,

v.

Mary Imogene MORGAN, Defendant-Appellant.

No. 7447.

Springfield Court of Appeals.

Missouri.

March 24, 1956.

Wangelin & Friedewald, Poplar Bluff, for defendant-appellant.

Bloodworth & Bloodworth, Ted M. Henson, Poplar Bluff, for plaintiff-respondent.

STONE, Judge.

Defendant appeals from an adverse judgment of $2,500, entered on a jury verdict, for personal injuries alleged to have been sustained by plaintiff on August 27, 1953, by reason of a collision on U. S. Highway 60 in Fisk, Butler County, Missouri, between an automobile then being driven by defendant, in which plaintiff was riding, and an automobile driven by one Geneva Joyce Brown. The defense was predicated on a written release executed by plaintiff and her husband, Jeter Morgan, on September 2, 1953, reciting a consideration of $125. In her amended reply, plaintiff asserted that this release had been obtained "by fraud, duress and fraudulent representations" and also under mutual mistake as to the nature and extent of plaintiff's injuries, but the issue as to the validity of the release was submitted on fraud alone.

■ At the outset, the fact that the judgment was entered erroneously obtrudes upon the face of the record before us. Plaintiff, herself, testified that defendant, her daughter-in-law, was nineteen years of age at the time of trial. There is no suggestion in the transcript that defendant had a legal guardian or curator appointed by the probate court under Chapter 457; but, if she did, there was no compliance either with Section 506.150(2) requiring that service of process be had on such guardian or curator, or with Section 457.420 providing that "(i)t shall be the duty of all guardians and curators to represent their wards in all legal proceedings." (All statutory references herein are to RSMo 1949, V.A.M.S.) If there be no legal guardian or curator, Sections 507.190, 507.200 and 507.210 pertaining to a guardian ad litem are applicable. Cox v. Wrinkle, Mo., 267 S.W.2d 648, 652(4). However, no guardian ad litem was appointed in the instant case, defendant was not represented either by a legal guardian or by a guardian ad litem, and the trial court proceeded to entry of final judgment against the minor defendant without suggestion of infancy by plaintiff, whose duty it is "to ascertain and advise a trial court of the infancy of a defendant so that, if there be no representation by a regular [legal] guardian, the court may appoint a guardian ad litem." Cox v. Wrinkle, supra, 267 S.W.2d loc. cit. 653.

■ Our courts have said that appointment of a guardian ad litem for a minor defendant is "mandatorily required" under Section 507.190 [Tracy v. Martin, 363 Mo. 108, 112, 249 S.W.2d 321, 323]; that the cited statute is "very positive in its requirement" [Charley v. Kelley, 120 Mo. 134, 143, 25 S.W. 571, 573] and, in fact, "is imperative" [Neenan v. City of St. Joseph, 126 Mo. 89, 93, 28 S.W. 963, 964]; that, after commencement of suit against a minor defendant and service of process upon him, the suit shall proceed no further until a guardian ad litem is appointed to represent him [State ex rel. Flentge v. Gawronski, 110 Mo.App. 414, 415, 85 S.W. 126; Weiss v. Coudrey, 102 Mo.App. 65, 68, 76 S.W. 730]; and, that it becomes "the absolute duty of the court to appoint a guardian for a minor * * * if the minor neglects to have one appointed." Fenn v. Hart Dairy Co., 231 Mo.App. 1005, 1016, 83 S.W.2d 120, 126.

■ It is true that appointment of a guardian ad litem is not jurisdictional [Charley v. Kelley, supra, 25 S.W. loc. cit. 573] and that a judgment against a minor not represented by a guardian, being voidable rather than void, is not subject to collateral attack. Little v. Browning, 287 Mo. 278, 282, 230 S.W. 92, 93(3); Reineman v. Larkin, 222 Mo. 156, 172, 121 S.W. 307, 311(9); Townsend v. Cox, 45 Mo. 401,

403–404; Olsen v. East Side Packing Co., 221 Mo.App. 290, 292, 3 S.W.2d 281(2). However, it has been pointed out repeatedly that appointment of a guardian ad litem for a minor defendant is not a bare technicality and that the office does not involve merely perfunctory or shadowy duties [Kennard v. Wiggins, 349 Mo. 283, 297, 160 S.W.2d 706, 712, certiorari denied 317 U.S. 652, 63 S.Ct. 47, 87 L.Ed. 524; Spotts v. Spotts, 331 Mo. 917, 931, 55 S.W.2d 977, 983(11), 87 A.L.R. 660; Reineman v. Larkin, supra, 121 S.W. loc. cit. 310–311; Fenn v. Hart Dairy Co., supra, 83 S.W.2d loc. cit. 126]; and, it is settled, beyond room for argument, that entry of judgment against a minor defendant not represented by a guardian is clearly improper [Wells v. Wells, 144 Mo. 198, 201, 45 S.W. 1095 (1); Neenan v. City of St. Joseph, supra, 28 S.W. loc. cit. 964; Lehew v. Brummell, 103 Mo. 546, 553, 15 S.W. 765, 767(2), 11 L.R.A. 828; Olsen v. East Side Packing Co., supra] and "without authority" [State ex rel. and to Use of Marlowe v. Nolan, 347 Mo. 124, 128, 146 S.W.2d 598, 600–601 (5)] and that a trial court "certainly commit(s) errors in proceeding to final judgment against an infant without the appointment of a guardian ad litem" [Charley v. Kelley, supra, 25 S.W. loc. cit. 573], irrespective of whether the minor defendant is represented by counsel. Cox v. Wrinkle, supra; Reineman v. Larkin, supra, 121 S.W. loc. cit. 311; Neenan v. City of St. Joseph, supra, 28 S.W. loc. cit. 964; Copeland v. Yoakum's Adm'r, 38 Mo. 349, 353 (2); Ex parte Toney, 11 Mo. 661, 663; Weiss v. Coudrey, supra; Creech v. Creech, 10 Mo.App. 586.

Since "in any proceeding against them infants are wards of the court and their rights are to be jealously guarded" as provided by statute [Cox v. Wrinkle, supra, 267 S.W.2d loc. cit. 651], we are of the opinion that, for the plain error in proceeding to final judgment against a minor defendant not represented by a guardian, this cause must be reversed and remanded. In the interest of minimizing the possibility of error upon retrial, it may not be amiss to observe that we entertain grave doubt as to whether a submissible case on the issue as to validity of the release was made on the theory of fraud hypothesized in plaintiff's verdict-directing instruction (although we need not and do not rule that question), and that, on the evidence in the transcript before us, it appears that mutual mistake would have been an appropriate theory of submission.

The judgment is set aside as to the minor defendant, Mary Imogene Morgan, and the cause is remanded for further proceedings not inconsistent herewith.

McDOWELL, P. J., concurs in result.

RUARK, J., concurs.