Wanda NIMS, by her next friend, P. R. Jackson, Plaintiff-Respondent,

v.

Dewey NIMS, Defendant-Appellant.

No. 7609.

Springfield Court of Appeals.

Missouri.

Oct. 9, 1957.

Paul E. Carver, Neosho, for defendant-appellant.

Douglas & Douglas, Neosho, for plaintiff-respondent.

STONE, Judge.

Defendant, Dewey Nims, appeals from the judgment entered in the Circuit Court of Newton County, Missouri, on December 11, 1956, decreeing a divorce to plaintiff, Wanda Nims, awarding to plaintiff the care and custody of a minor child, Pamela Ruby Nims, and $50 per month as child support, and dismissing defendant's cross-bill. The sole point, on which defendant here relies, is that the trial court erred in entering final judgment against defendant without appointment of a guardian ad litem for him.

The record in this case affirmatively shows that defendant was twenty years of age when the case was tried and judgment was entered. There is no suggestion that defendant had a legal guardian or curator appointed by the probate court under Chapter 457; * and, if he did, there was no compliance either with Section 506.150(2) requiring that service of process be had on such guardian or curator, or with Section 457.420 providing that "(i)t shall be the duty of all guardians and curators to represent their wards in all legal proceedings." (All statutory references herein are to RSMo 1949, V.A.M.S.) Since defendant was not represented by a legal guardian or curator, Sections 507.190, 507.-200 and 507.210 pertaining to appointment of a guardian ad litem became applicable [Cox v. Wrinkle, Mo., 267 S.W.2d 648, 652(4)]; but, the transcript clearly shows that the trial court proceeded to final judgment against defendant without appointment of a guardian ad litem for him. That this constituted reversible error is established by the Missouri cases beyond room for argument [Morgan v. Morgan, Mo.App., 289 S.W.2d 151, and cases there collected] and, in fact, now is conceded by plaintiff's present counsel, who did not try the case below. It may be noted that, for the same error, we found it necessary to set aside the judgment of the trial court

* Now V.A.M.S. § 475.010 et seq.

entered in this case on September 24, 1956, which awarded alimony pendente lite and an attorney's fee to plaintiff. Nims v. Nims, Mo.App., 300 S.W.2d 282.

For the aforesaid omission and error, the judgment and decree of December 11, 1956, is set aside and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

McDOWELL, P. J., concurs.

RUARK, J., not sitting.