Ira QUINCY, Jr., a Minor by Vivian F. Quincy, His Next Friend, Plaintiff-Respondent,

v.

Kathy QUINCY, a Minor by Sheldon D. Grand, Guardian Ad Litem, Defendant-Appellant.

No. 33115.

St. Louis Court of Appeals.

Missouri.

July 16, 1968.

Sheldon D. Grand, Clayton, pro se.

Vincent J. Cavanaugh, Florissant, for plaintiff-respondent.

RUDDY, Judge.

This is an appeal from an order and judgment of the trial court overruling the motion of defendant in a divorce action to set aside a decree of divorce granted her on her cross petition. In her motion the defendant contends that the judgment is patently irregular on its face and should be set aside and further proceedings had.

The divorce proceeding out of which this appeal arises had its origin when plaintiff, by his Next Friend, filed his petition for divorce in the Circuit Court of St. Louis County on April 4, 1967. In the petition it was alleged that plaintiff is a minor of the age of nineteen years and that a Next Friend was appointed for the purpose of prosecuting his action for divorce. Thereafter, plaintiff filed his Affidavit of Vital Statistics which shows the date of birth of plaintiff as April 25, 1947. The record in the divorce proceeding includes the petition for the appointment of a Next Friend and the consent of the Next Friend in writing to act as Next Friend for the said Ira Quincy, Jr. Subsequently, plaintiff, by and through his Next Friend, filed his first amended petition which also showed that he was a minor of the age of nineteen years. On June 9, 1967 plaintiff filed a memorandum suggesting the minority of the defendant, Kathy Quincy, and requested the court to appoint a Guardian Ad Litem. Pursuant to said request the court appointed Sheldon D. Grand as Guardian Ad Litem for the defendant, Kathy Quincy. On June 13, 1967 the said Sheldon D. Grand filed his consent to act as Guardian Ad Litem for the defendant. On June 26, 1967 defendant, Kathy Quincy, a minor by Sheldon D. Grand, her duly appointed and acting Guardian Ad Litem, filed a cross-bill for divorce and her answer to plaintiff's first amended petition. Among other things it was alleged in defendant's cross-bill that defendant was a minor of the age of eighteen years and that there were no children born of the marriage and asked the court to award defendant an absolute decree of divorce, a reasonable sum as and for alimony and a reasonable sum as and for her attorney's fee. Following the filing of the aforesaid cross-bill for divorce plaintiff refiled his original petition for divorce on June 29, 1967, after which defendant filed her answer to the original petition of plaintiff. The record shows that on October 2, 1967 " * * * Plaintiff dismissed his Petition; Defendant to proceed on her cross-bill, per court memorandum filed" and that defendant amended her cross-bill, by leave of court, to include a prayer for the restoration of her maiden name "Kathryn Berri". On the same day, namely, October 2, 1967, a hearing was held on defendant's cross-bill for divorce. The record shows that Vincent J. Cavanaugh appeared as counsel for plaintiff and that Sheldon D. Grand appeared as Guardian Ad Litem for the defendant, and attorney pro se. Following the hearing and on the same day there was entered a judgment and a decree of divorce in favor of defendant. Defendant had her maiden name, Kathryn Berri, restored and in the decree an allowance was made to the Guardian Ad Litem of $200.

On October 25, 1967 defendant through her Guardian Ad Litem filed a "Motion to Set Aside Judgment for Irregularity" as follows:

"Comes now Sheldon D. Grand, Guardian Ad Litem for defendant, a minor, and moves that this Court make and enter its Order setting aside the judgment heretofore, on the 2nd day of October, 1967, entered in this case, and that the Court make such other and further Orders as may seem meet and proper, and as grounds for said motion states to the Court that:

"1.) On the 2nd day of October, 1967, prior to the hearing of this cause on defendant's cross-bill for divorce, plaintiff did, by and through his attorney, dismiss his petition heretofore filed.

"2.) This cause proceeded to hearing without the benefit of a guardian or guardian ad litem having been present or appointed to act for and on behalf of plaintiff, a minor.

"3.) Movant believes that at least the appointment of a guardian ad litem is necessary to the validity of any judgment against this minor plaintiff on the cross-bill, that plaintiff's appearance by either next friend or attorney, or both is not sufficient to satisfy the requirements of the law for a valid judgment

against a minor, and that therefore this judgment is patently irregular on its face and should be set aside and further proceedings had."

On October 31, 1967 defendant's aforesaid motion was heard by the court and overruled. Defendant filed a timely notice of appeal from the order and judgment entered on the 31st day of October, 1967.

The aforesaid recital from the record reveals a situation whereby the successful party in a divorce action questions the validity of the decree of divorce she obtained on her cross-bill. Defendant in her motion to set aside the decree of divorce relies upon the provisions of Civil Rule 74.32, V.A.M.R. and Section 511.250 RSMo 1959, V.A.M.S., which provide that judgments in any court of record may be set aside for irregularity on motion if such motion be made within three years after the judgment becomes final. We understand defendant to contend that it was the duty of the trial court to appoint a Guardian Ad Litem for plaintiff to protect plaintiff's interest and to represent and defend him against the charges made in defendant's cross-bill. The ultimate question for determination is whether it was necessary to appoint a Guardian Ad Litem for plaintiff after plaintiff's petition was withdrawn and his divorce action dismissed, where the record shows that a Next Friend had been appointed to commence and prosecute plaintiff's petition for divorce.

■ Plaintiff contends the defendant has no right of appeal and asks us to dismiss this appeal because defendant was the prevailing party on her cross-bill for divorce and was granted all the relief she demanded in the cross-bill. He contends defendant is not an aggrieved party within the meaning of the provisions of Section 512.020 RSMo 1959, V.A.M.S. In making this contention plaintiff misconceives the order and judgment from which defendant has appealed. Defendant has not appealed from the judgment and decree granting her a divorce and other relief, as plaintiff

seems to think, but has appealed from the order and judgment overruling her motion to set aside the decree of divorce for an irregularity patent on the face of the record. It has been held in many cases, some of which we cite, that a motion filed after judgment is rendered seeking to set aside and vacate the judgment either for irregularities on the face of the record or for matters dehors the record is in the nature of an independent proceeding and that the order made by the court upon such a motion is an order from which an appeal lies. Audsley v. Hale, 303 Mo. 451, 261 S.W. 117; In re Jackson's Will, Mo.App., 291 S.W.2d 214; Stulz v. Lentin, 220 Mo.App. 840, 295 S.W. 487; Suess v. Motz, 220 Mo. App. 32, 285 S.W. 775.

■ Before discussing what we have said is the ultimate question for determination we point out that we have examined the possible applicability of Section 452.-110, RSMo 1959, V.A.M.S., which provides that no petition for review of any judgment for divorce shall be allowed, any law or statute to the contrary notwithstanding. Our research has brought us to the conclusion that this statute is no bar to the motion under review. Even though this motion can be held to be a petition for review within the purview of this statute, which we do not rule, it is not barred if it seeks a review of a judgment that is void.

Defendant's contention, through her Guardian Ad Litem, that the judgment entered by the trial court on defendant's cross-bill must be vacated and set aside because it is a nullity must be sustained. Civil Rule 52.02(a), V.A.M.R. and Section 507.110 RSMo 1959, V.A.M.S. provide that " * * * Suits by infants may only be *commenced and prosecuted, * * ** by a next friend appointed for him in such suit; * * *." Civil Rule 52.02(g) and Section 507.170 RSMo 1959, V.A.M.S. provide that the " * * * petition for the appointment of a next friend, the written consent of the person proposed to be next friend, and the order of appointment, shall be filed in the office of the clerk of the court where

the suit is proposed to be brought *before any proceedings shall be had in the cause."* (Emphases ours.) The civil rules and statutes, under which Next Friends are appointed, clearly provide that they are appointed for the purpose of commencing and prosecuting a suit by an infant. We feel and so hold that when the suit for which the Next Friend is appointed has been dismissed and is no longer to be prosecuted, the function, purpose and jurisdiction of a Next Friend is terminated. When plaintiff through his Next Friend dismissed his petition and his cause of action for divorce it had the effect of making plaintiff a defendant in his wife's cross-bill for divorce. Under this circumstance we think it was the duty and obligation of the trial court to appoint a Guardian Ad Litem to protect the interest of plaintiff in the action of his wife against him, inasmuch as we find that the powers, duties and jurisdiction of the Next Friend had terminated. Plaintiff's attorney disputes the need of the appointment of a Guardian Ad Litem and relies upon the case of Crawford, v. Amusement Syndicate Co., (Mo.) 37 S.W.2d 581 where the court said (1. c. 584 and 585):

> " '* * * While technically speaking a next friend or prochein ami represents an infant plaintiff, and a guardian ad litem represents an infant defendant, there is little, if any, difference between their functions or powers. A next friend is in the nature of a guardian ad litem, or an attorney by whom the suit is brought or defended in behalf of another.' * * *

> "It was wholly unnecessary for the court to appoint another representative for the minor herein under the designation of guardian ad litem, since under the circumstances the functions and duties of office of guardian ad litem devolved upon and were inherent in the office of next friend, and it was the duty of the next friend to act for the minor plaintiff and protect her rights and interests, * * *."

The instant case may be distinguished from the Crawford case. In the Crawford case the action brought by the Next Friend for the minor plaintiff continued and was prosecuted to judgment and under those circumstances the Next Friend's functions, as the case holds, are similar to those of a Guardian Ad Litem and he can defend his minor plaintiff and protect the rights and interests of the minor plaintiff throughout the course of the litigation. In the instant case, as we have pointed out, the Next Friend's jurisdiction to act in any capacity ceased and terminated upon a dismissal of the cause of action for which she was appointed to commence and prosecute. The position of a Guardian Ad Litem as a party litigant seems to be more unique than that of a Next Friend. A Guardian Ad Litem represents an interest brought into court involuntarily, and, as in the instant case, is one essential to the validity of a binding adjudication. It is the duty of the Guardian Ad Litem to defend an action brought against a minor. Tracy v. Martin, 363 Mo. 108, 249 S.W.2d 321, 323; Fenn v. Hart Dairy Co., 231 Mo.App. 1005, 83 S.W.2d 120, 125.

The parties in their briefs have cited no case wherein the facts are similar to those of the instant case, nor have we been able to find one in this State. However, in the case of West St. Louis Trust Co. of St. Louis v. Brokaw, 232 Mo.App. 209, 102 S.W.2d 792, we said: (1. c. 795) "* * * that the function and authority of the next friend continues to, but only to, the final termination of the cause for which he was appointed, * * *." The power and authority of the Next Friend is strictly limited to the performance of the precise duty imposed upon him by the statute, namely, to commence and prosecute the minor plaintiff's cause of action. His authority to act as Next Friend ends with the prosecution of the infant's suit or where not prosecuted, ends with the dismissal of the suit for which he was appointed. 27 Am.Jur., Infants, Section 118, p. 839.

Infants are wards of the court in any proceeding brought against them and their rights are to be jealously guarded by the court. Our statutes provide a method for doing this. Section 507.190 RSMo 1959, V.A.M.S. and Civil Rule 52.02(i) provide that after the commencement of a suit against an infant, the suit shall not be prosecuted any further until a guardian for such infant be appointed. In the case of Cox v. Wrinkle, Mo., 267 S.W.2d 648 (l. c. 651) the Supreme Court in pointing out the duty of the court to appoint a Guardian Ad Litem said:

> "* * * In cases cited herein by the defendant-respondent Wrinkle it has been expressed that the appointment of a guardian ad litem is 'mandatorily required', Tracy v. Martin, supra; that the statute, now § 507.190, supra is 'very positive in its requirement,' Charley v. Kelley, 120 Mo. 134, 25 S.W. 571, 573; and that the court has the 'absolute duty' to appoint a guardian ad litem for an infant defendant (Fenn v. Hart Dairy Co., 231 Mo.App. 1005, 83 S.W.2d 120). The appointment of a guardian ad litem is not a bare technicality and that office does not involve only perfunctory and shadowy duties. * * *"

Morgan v. Morgan, Mo.App., 289 S.W.2d 151, 152.

It is patent on the face of the record in this case that the plaintiff was a minor at the time the judgment and decree of divorce was entered and that he was not then represented by a Next Friend, a legal guardian or curator, or a Guardian Ad Litem. Since the statute commands that the suit shall proceed no further until a guardian is appointed to represent the plaintiff, defendant's cross-bill should not have proceeded to judgment. Nims v. Nims, Mo.App., 305 S.W.2d 875. In the case of Weiss v. Coudrey et al., 102 Mo.App. 65, 76 S.W. 730 the court said: "The restraint laid on proceedings against infants until the court sees they are represented by an adult is so imperative that

a judgment obtained in disregard of the statutes ought to be annulled on proof of that fact alone."

When this opinion is handed down plaintiff will have attained his majority, but we think it is to the public interest, as well as the interest of the plaintiff and defendant that the validity of the divorce decree be settled. Failure to do this may involve the legality of a subsequent marriage and possible illegitimacy of children. It also may involve contractual rights and title to real estate. This is another reason why the action of the trial court in overruling defendant's motion should be reversed and remanded.

The judgment of the trial court overruling defendant's motion is reversed and the cause remanded with directions to set aside the judgment and decree of divorce in its entirety entered on October 2, 1967 and to reinstate on the docket defendant's cross-bill and to permit the filing of such other pleadings as the parties may desire to file and have a new trial under the pleadings.

ANDERSON, P. J., and WOLFE, J., concur.